Chester Klingensmith *v.* Department of Labor and Industry, Commonwealth of Pennsylvania.

Argued November 16, 1970, before President Judge BOWMAN, and Judges KRAMER, WILKINSON, JR., MANDERINO, MENCER, and BARBIERI (who has since been appointed to the Supreme Court of Pennsylvania and did not participate in the decision).

*Elizabeth Bailey,* with her *James C. Tallant, Bailey and Tallant,* for appellant.

*James J. Morley,* Assistant Attorney General, with him *Fred Speaker,* Attorney General, for appellee.

OPINION BY JUDGE MANDERINO, February 4, 1971:

Chester Klingensmith and Donald Armor, both registered licensed barbers, practiced barbering in the

same shop which was owned by Chester Klingensmith. Chester Klingensmith did not consider Donald Armor an employee and did not make any unemployment compensation contributions to the Pennsylvania Unemployment Compensation Fund on account of Donald Armor. On June 3, 1969, the Bureau of Employment Security, Department of Labor and Industry, made a determination that Chester Klingensmith should have made contributions to the fund since Donald Armor was in his employment.

On October 21, 1961, an assessment was made against Chester Klingensmith in the amount of Three Hundred Forty-Six Dollars and Ninety-Five Cents ($346.95) covering the third quarter of 1965 to the second quarter of 1968. A re-assessment hearing was held on March 17, 1969, which resulted in the order of June 3, 1969, mentioned above.

Klingensmith appealed to the Dauphin County Court and under the Commonwealth Court Act (Act No. 185 of January 6, 1970); 17 P.S. 211.13 (1970), the appeal was transferred to the Commonwealth Court.

To sustain its order, the Department made ultimate findings in accordance with the statutory definitions to the effect that Klingensmith was an "employer" and that Armor was in Klingensmith's "employment" and that "remuneration" was received by Armor which constituted "wages" within the meaning of the Pennsylvania Unemployment Compensation Law (Act of December 5, 1936, P. L. 2897, art. I, §4); 43 P.S. 753 (1970). These ultimate findings must be supported by the basic findings which must find support in the evidence.

Klingensmith challenges the ultimate findings of the Department that Armor received "remuneration" or "wages". If the Department's ultimate findings concerning "remuneration" or "wages" were incorrect, then their findings as to "employment" and the "em-

ployer" relationship are incorrect also because these findings depend on the correctness of the ultimate findings that Klingensmith "remunerated" Armor and this remuneration amounted to "wages".

Thus the question is whether or not the Department's ultimate findings as to "remuneration" or "wages", are supported by the Department's basic findings. Only eight (8) basic findings were made by the Department:

(1) The periods involved in the assessment are the third quarter of 1965 to the second quarter of 1968, inclusive.

(2) Chester Klingensmith, the Petitioner, is a registered licensed barber and also a registered licensed barber shop owner, for the premises at 3911 William Penn Highway, Murrysville, Pennsylvania, which he leases from the owner of the realty.

(3) Chester Klingensmith, the Petitioner, leases under an oral agreement, since December, 1964, a barber's chair, the space for the waiting chairs for customers, the lights, and certain supplies to Donald R. Armor, a registered licensed barber.

(4) Donald R. Armor pays Chester Klingensmith, the Petitioner, 25% of his gross receipts for the rental of the items set forth in paragraph 3.

(5) Donald R. Armor is free to work when he pleases to do so and he regulates the prices he charges his customers.

(6) When Donald R. Armor is absent from the barber shop for any reason whatsoever, Chester Klingensmith will perform the barbering services for Armor's customers.

(7) Donald Armor files his federal income tax returns as self-employed.

(8) A certain amount of the barbers supplies are provided by Chester Klingensmith, the Petitioner, for Donald R. Armor.

The Department's position basically is that findings Numbers 3 and 4 will support the ultimate findings. It is their position that the twenty-five (25%) percent of gross receipts which Armor pays to Klingensmith is just a procedural nicety which is no different than the arrangement would be if Klingensmith took all of the receipts from Armor's barbering and then returned seventy-five (75%) percent of those receipts to Armor. The real problem with the Department's position is that a court in reviewing the determination of an administrative agency should not be left to guesswork or giving words meanings which they do not ordinarily have. It is the Department's findings which state that *Armor pays* a portion of *his gross receipts* to Klingensmith for *rental* payments. We find it impossible to reconcile a basic finding that Armor is giving money to Klingensmith *as rental payments* and turn around and say that this is similar to an arrangement whereby Klingensmith would take the receipts and give a portion back to Armor as wages. The latter would be totally inconsistent with the Department's own findings that the payments are *rental payments* for items that Armor rents from Klingensmith under a *lease arrangement.*

Curiously, the Department argues that the lease arrangement and the payment by Armor of a portion of his gross receipts to Klingensmith for rental is a sham arrangement. This is not a sham arrangement—by their own basic findings. The Department can hardly make findings in its own proceedings in order to sustain its own order and then come into court challenging the heart of these very findings.

The Department cites *Antinoro v. Department of Labor and Industry,* 89 Dauphin County Ct. 110 (1968), as controlling. In *Antinoro* the barber shop owner had other barbers working in his barber shop.

The owner claimed the other barbers were not employed by him and did not receive any remuneration or wages. He argued that his arrangement with the other barbers was a lessor-lessee arrangement. In that case, the Department rejected any lessor-lessee arrangement because the facts were that the owner of the shop received all gross receipts and paid back to the individual barbers a percentage of those receipts periodically. In *Antinoro* there was no basic finding by the Department that there was a lessor-lessee relationship or that any rental payments were being made. The barbers paid nothing to the owner. This is entirely different from the case before us for review.

None of the basic findings can support the Department's ultimate findings that Klingensmith "remunerated" or paid "wages" to Armor. This being so, the findings that Klingensmith was Armor's "employer" and that Armor was in the "employment" of Klingensmith cannot be sustained.

There remains a question whether or not the Department on a remand could make other basic findings from the record which would sustain their ultimate findings.

In some cases, when a court finds an order by an administrative agency lacking because the basic findings are insufficient to support the ultimate findings, a remand of the case to the agency permits the record to be re-examined to see if basic findings which would be sufficient can be made from the total record. This is not such a case. The problem here is not the absence of a basic finding which might be cured by a remand and re-examination of the record. Here basic findings have already been made by the Department which negate any possibility that the necessary basic findings could be made. Other basic findings necessary to sustain ultimate findings as to "remuneration" and

"wages" cannot be made consistently with the basic findings already made by the Department.

In addition, there is no evidence in the record which would support any other findings than those made by the Department. All of the Department's findings are taken from undisputed evidence in the record. There was really no choice on the part of the Department as to the findings.

The appeal of Chester Klingensmith is sustained and the order of the Department of Labor and Industry making an assessment against Chester Klingensmith in the amount of Three Hundred Forty-Six Dollars and Ninety-Five Cents ($346.95) is set aside.