## Abbanato *v.* Bureau of Employment Security.

Argued December 5, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Sal Abbanato,* for himself, as appellant.

*James J. Morley,* Assistant Attorney General, with him *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, January 22, 1973:

This is an appeal from an adjudication of the Employer Accounts Review Board (Board) of the Bureau of Employment Security, denying a request (made by letter) of Sal Abbanato (Abbanato) trading and doing business as Colette Fashions of Bethlehem, Pennsylvania, for a review and redetermination of his con-

tribution rate into the Unemployment Compensation Fund.

On February 16, 1970, Abbanato purchased from one Myron Levenson certain machinery and equipment used in the manufacture of ladies' garments. On February 17, 1970, Abbanato signed and thereafter filed with the Unemployment Compensation authorities a notarized form entitled "Employer's Initial Statement—Part II, Business Acquired From a Predecessor." On March 18, 1970, Abbanato and his predecessor in business (Myron Levenson) filed an "Application For Experience Record and Reserve Account Balance of Predecessor." Also on March 18, 1970, these same parties filed an affidavit of Business Transfer with the Bureau of Employment Security. These three forms, all of which Abbanato signed, clearly indicate his intent to continue a part of his predecessor's business. Abbanato clearly requested a transfer of his predecessor's experience record and reserve account balance (the exact amount of which is not shown in the record). On June 10, 1970, the Bureau approved Abbanato's application for the transfer of the experience record and reserve account balance of the former owner.

On June 12, 1970, Abbanato was notified that his employer's contribution rate for the year 1970 was .033. Under the provisions of Section 301(e)(2) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. 2897 (1937), as amended, 43 P.S. §781(e)(2), the determination by the Department of Labor and Industry, through the Bureau of Employment Security, of the employer's rate of contribution becomes "conclusive and binding" upon Abbanato within 90 days after the mailing of notice to him unless he files an application for review. Abbanato did not file such an application for review of the determination of his contribution rate set on June 12, 1970.

On or about March 31, 1971, Abbanato was notified that his contribution rate for the year 1971 was .040. It was from this latter notification that Abbanato sent his letter requesting a review and redetermination.

Abbanato, who throughout these proceedings has appeared Propria Persona, has not raised any question concerning the calculation of his last contribution rate. The sole question which Abbanato has presented to this Court on appeal is his contention that the Bureau has abused its discretion in not permitting him to withdraw the applications which he filed, and permit him to file new applications which would indicate that he was a new employer, rather than an employer of a business transferred from a predecessor.

The only excuse which Abbanato set forth for our consideration is that he is a citizen of the State of Connecticut, and was uninformed, or lacked adequate knowledge, of the Pennsylvania laws which may have permitted him to file forms more advantageous to his new business venture in this Commonwealth.

Our scope of review is limited to a determination of whether the Board abused its discretion or committed an error of law. *See Klingensmith v. Department of Labor & Industry,* 1 Pa. Commonwealth Ct. 204, 273 A. 2d 920 (1971); *Antinoro v. Commonwealth,* 44 Pa. D. & C. 2d 780 (1968). We have reviewed the short record in this case very carefully, and we conclude that there is no abuse of discretion or error of law. Abbanato has not claimed any fraud, misrepresentation, discrimination or arbitrariness on the part of the Board. His contention is that because of *his* misunderstanding he desires this Court to reverse the Board on arguments founded upon the principles of equity. We have no such authority. Abbanato's appearance before this Court, his brief and his letters contained in the record show him to be a very articulae person with a firm command of the English language. The forms he

signed clearly set forth his intent to acquire his predecessor's contribution rate and reserve account balance. If the application forms were somehow garbled so that a citizen might be misled, this Court might be tempted to grant the relief sought, but here there is no such misleading language in the form.

Abbanato also contends that someone in the Bureau made additional markings or entries on his application forms. We have reviewed these changes and find them not to be substantial nor of such a nature as would permit us to declare the forms void.

In passing, we note that the Bureau has filed a motion to dismiss for the reason that it claims Abbanato did not file a timely appeal. We rule that the motion must be denied for the reason that the records of this Court support Abbanato's contention that he did make a timely appeal in the Dauphin County Court of Common Pleas, which appeal was transferred to this Court.

In summary, then, we conclude that the Board did not abuse its discretion nor did it commit an error of law, and therefore the Order of the Board is affirmed.