Patricia Ellis (Etter), Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs in Special Session to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Patricia Ellis Etter,* petitioner, for herself.

*Richard C. Lengler,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

MEMORANDUM OPINION BY JUDGE ROGERS, September 8, 1982:

The claimant[1] was denied unemployment compensation benefits because the Board found that her discharge from her employment was due to her willful misconduct.[2]

The claimant was employed for one year and nine months as a general cafeteria worker. The occasion for her discharge was her refusal to wear a badge which all the cafeteria employees were instructed to wear as a part of their required uniform. The badge portrayed a finger of a hand pointing to the center of a bull's eye and contained the message "Our aim: Outstanding food and service."

After several meetings with her superiors at which she explained her objections, and two warnings to wear the badge as required, she was indefinitely suspended on April 3, 1981.

The claimant argues that her refusal to wear the badge was reasonable because she was not hired to do advertising; because the badge was not job related; and because the badge was in her view "obscene."

The compensation authorities found that the claimant's grounds for refusing her employer's requirement were unreasonable. As for the basis for her claim that the badge was obscene, the claimant testified she was a divorced person and as such the badge

---

[1] Patricia Ellis (Etter).

[2] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

referred to her body. But, as noted, all employees were required to, and except for the claimant, wore the badge. The employer's directive did not include instructions as to where on the work uniform the badge was to be pinned and the claimant was alone among the persons who saw the badge, including the compensation authorities, in her reading of the badge's meaning.

The rule and her refusal being admitted, the claimant had the burden of persuasion that the rule was unreasonable or her refusal to obey reasonable.[3] We find no evidence tending to prove either that the rule was unreasonable or that the claimant's action was reasonable which was arbitrarily or capriciously disregarded.

Order affirmed.

ORDER

AND Now, this 8th day of September, 1982, the order of the Unemployment Compensation Board of Review is affirmed.

---

[3] See *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).