560 A.2d 312

**CITY OF WILLIAMSPORT, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 17, 1989.

Decided July 6, 1989.

Norman M. Lubin, Casale & Bonner, Williamsport, for petitioner.

Clifford F. Blaze, Depty. Chief Counsel, James K. Bradley, Asst. Counsel, Harrisburg, for respondent.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

The City of Williamsport (employer) appeals here from a decision and order of the Unemployment Compensation Board of Review (Board) granting benefits to Larry E. Buck (claimant) under Section 402(e) of the Unemployment Compensation Law [1] (Law).

On April 19, 1988, the Office of Employment Security (OES) issued a determination denying benefits to the claimant under Section 402(e) of the Law for failure to abide by the employer's residency requirement. The claimant appealed this determination and, after a hearing, the referee affirmed the OES determination on May 13, 1988. The claimant then appealed to the Board which reversed the decision of the referee and granted benefits on September 26, 1988. It is from this decision and order of the Board that the employer now appeals to this Court.

Our scope of review in such cases is limited to a determination of whether constitutional rights have been violated, errors of law committed, or findings of fact are not supported by substantial evidence. *Estate of McGovern v.*

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e), which provides in relevant part that an employe shall be ineligible for compensation for any week in which his unemployment is due to his discharge for willful misconduct connected with his work.

*State Employes' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

The facts as found by the Board are as follows:

1. The claimant last worked for the City of Williamsport as a laborer/truck driver from June 1, 1987 until March 4, 1988, his last day of work, at a final rate of pay of $7.93 per hour.

2. Section 149.09 of the city code requires that all persons who are employed by the city shall be or shall become city residents within 90 days from the first date the employee reports for work.

3. The city's code defines residence as the actual domicile where a person normally eats and sleeps and maintains his normal household.

4. The claimant was aware of the employer's residency requirement.

5. At the time of hire, the claimant resided with his wife and daughter at R.D. # 1, Box 515B, Cogan Station, Pennsylvania, 17728, which is outside the city limits of Williamsport, Pennsylvania.

6. As of September 1, 1987, the claimant rented a one room apartment at 423 East Third Street, Williamsport, Pennsylvania; however, used this room only occasionally to stay overnight.

7. The claimant regularly returned to his home in Cogan Station, Pennsylvania because he maintains a garage there where he repairs motorcycles, and because his wife and daughter still resided at that location.

8. As of January 1, 1988, the claimant rented another room at 346 Walnut Street.

9. On March 4, 1988, the claimant was discharged from his employment for violation of the employer's residency requirements.

10. The employer's residency rule is unreasonable.

Board Decision and Order No. B–268839 at 1–2, Reproduced Record at 1A–2A.

Findings of fact Nos. 1 through 9 are not disputed by the employer and, as they are clearly supported by substantial evidence, they are binding on this Court. *Broadus v. Unemployment Compensation Board of Review*, 118 Pa. Commonwealth Ct. 196, 544 A.2d 1098 (1988). It is also clear that these findings are sufficient to support the Board's conclusion that "[t]he record establishes that the employer had a residency requirement, of which the claimant was aware, which the claimant violated." Board's Decision at 2. At this point, the employer has met his burden of proof. *City of Beaver Falls v. Unemployment Compensation Board of Review*, 65 Pa.Commonwealth Ct. 14, 441 A.2d 510 (1982).

■ The issues in this case arise from the Board's Finding of Fact No. 10 that the employer's rule was unreasonable. The employer first asserts that the Board erred when it placed the burden of proof upon the employer to show that the residency requirement was reasonable. We agree. Once the existence of a rule and its violation are established by the employer, the burden shifts to the claimant to show good cause for his violation of the rule. *Elliott v. Unemployment Compensation Board of Review*, 82 Pa.Commonwealth Ct. 107, 474 A.2d 735 (1984). In the instant case, it was the claimant who bore the burden of showing that the rule was unreasonable. *Ellis (Etter) v. Unemployment Compensation Board of Review*, 68 Pa.Commonwealth Ct. 617, 449 A.2d 881 (1982).

■ At the hearing before the referee on May 10, 1988, the claimant introduced no evidence, either documentary or testimonial, which could support a conclusion that the employer's rule was unreasonable. The Board asserts that the following testimony of the claimant was intended to demonstrate the unreasonableness of the rule:

I was going to rent a place, I wasn't really planning on it, to relocate my family there. I mean, there's no where in particular that says you have to have your family living with you. I mean, it was under such a, it was just

a short ways away that it was no reason to, you know, you understand what I'm saying.

Notes of Testimony at 9.

This testimony, however, represents only a denial of a violation of the rule, not proof of the unreasonableness of it. Therefore, the finding of the Board that would establish good cause for the claimant's violation is not supported by substantial evidence.

Furthermore, this Court has previously found that violation of a residency requirement can rise to the level of willful misconduct. *Rodgers v. Unemployment Compensation Board of Review,* 40 Pa.Commonwealth Ct. 552, 397 A.2d 1286 (1979). In light of the Board's remaining findings of fact which are supported by substantial evidence, the claimant's actions do constitute willful misconduct.

Accordingly, we will reverse the decision of the Board.

## ORDER

AND NOW, this 6th day of July, 1989, the order of the Unemployment Compensation Board of Review granting benefits to the claimant is hereby reversed.