579 A.2d 1030

**PENNSYLVANIA POWER COMPANY, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 3, 1990.

Decided Sept. 13, 1990.

Harry A. Flannery, for petitioner.

David J. Gromelski, Asst. Counsel, with him, Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Pennsylvania Power Company (Employer) appeals an order of the Unemployment Compensation Board of Review (Board) which reversed a referee's decision denying unemployment compensation benefits (benefits) to Richard O. Gibbs (Claimant) on the ground of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1] We reverse.

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e). This section provides in pertinent part as follows:

Claimant was employed as an instrument and test repairman by Employer until his discharge. While off duty, Claimant was arrested and charged with possession with the intent to deliver cocaine, possession of a controlled substance and criminal conspiracy. Claimant was suspended and subsequently discharged for violating Employer's drug policy of which Claimant was undisputably aware. The drug policy states in pertinent part as follows:

> Off-the-job illegal drug use which could adversely affect job performance, or jeopardize the safety of other employees, the public, or company equipment, is proper cause for disciplinary action, up to and including termination of employment. *Employees arrested in off-the-job drug activity shall be in violation of this policy.*

Employer's Exhibit 2 (emphasis added).

Claimant applied for unemployment compensation benefits, which the Office of Employment Security (OES) denied. Claimant appealed to a referee who, in affirming OES, held that Claimant's arrest as a result of his off-the-job drug activity was in violation of a rule known to Claimant, and therefore was willful misconduct. Claimant appealed to the Board. Board held that Employer failed to prove that Claimant was involved in drug activity and that Claimant's arrest is insufficient to establish willful misconduct.

On appeal,[2] Employer raises the following issues: 1) whether the Board erred in holding that Employer failed to meet its burden of proving willful misconduct and 2) whether the Board erred in refusing to grant reconsideration following Claimant's nolo contendere plea to the criminal charges.

An employe shall be ineligible for compensation for any week—

. . . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct....

**2.** Our scope of review is limited to a determination of whether findings of fact are supported by substantial evidence, constitutional rights were violated or errors of law committed. *Anderson v. Unemployment Compensation Board of Review,* 129 Pa. Commonwealth Ct. 110, 564 A.2d 1046 (1989).

As to the first issue, Employer asserts that because the record clearly demonstrates that Claimant was arrested for drug activity in violation of a work rule known to Claimant, Employer met its burden of proving willful misconduct.

■ Willful misconduct has been defined as:

An act of wanton or willful disregard of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employee's duties and obligations to the employer.

*Wysocki v. Unemployment Compensation Board of Review*, 87 Pa. Commonwealth Ct. 260, 264, 487 A.2d 71, 73 (1985). The employer bears the burden of proving willful misconduct. *Dunkle v. Unemployment Compensation Board of Review*, 91 Pa. Commonwealth Ct. 1, 496 A.2d 880 (1985). Willful misconduct is a question of law subject to our review. *Schneider v. Unemployment Compensation Board of Review*, 105 Pa. Commonwealth Ct. 238, 523 A.2d 1202 (1987).

■ Where it is alleged that an employee has violated a work rule or policy of his employer, the employer must establish the existence of the rule and its violation. *Elliot v. Unemployment Compensation Board of Review*, 82 Pa. Commonwealth Ct. 107, 474 A.2d 735 (1984). When both these elements have been proved, the burden shifts to the employee to establish either that the violation was justified or the rule was unreasonable. *Id.* and *Ellis v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 617, 449 A.2d 881 (1982).

■ It is undisputed that Employer established and Claimant was aware of the rule that "Employees arrested in off-duty drug related activity" are in violation of Employer's drug policy. Claimant does not deny that he was arrested for possession with intent to deliver cocaine, possession of a controlled substance and criminal conspiracy. Claimant's sole argument before the referee and the Board

was that he was not guilty of the criminal charges lodged against him. The Board held as follows:

[C]laimant's mere arrest on November 1, 1989 is insufficient to establish willful misconduct as a matter of Law. There having been no criminal disposition of the charges against the claimant, the employer has failed to prove, in fact, that claimant was involved in "drug activity" when he was arrested ...

The Board addressed a question not properly before it. The Board's inquiry was limited to whether Claimant violated the work rule. The work rule clearly required only that Claimant be "arrested in off-duty drug related activity." There is no prerequisite in this rule that the Claimant be convicted of the drug activity for which he was arrested. The Board found as a fact that Claimant was arrested and charged with possession with intent to deliver cocaine, and possession of a controlled substance. We conclude that Claimant's arrest for off-duty drug related activity violated Employer's work rule.

 As was indicated earlier, once the employer has proven the existence of the work rule and its violation, the employee's only defenses are 1) that he had good cause for violating the rule or 2) that the work rule is unreasonable. *Elliot* and *Ellis*. Both of these defenses had their genesis in *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976), where the supreme court injected a good cause analysis into section 402(e) of the Law. The court held that, where an employee seeks to justify his conduct, a claimant must prove that his actions were reasonable or justifiable under the circumstances. *Id.*

If the claimant relies on the defense that the work rule is unreasonable, he bears the burden of proving that the rule was unreasonable. *Id.* This proposition was recently reaffirmed in *Williamsport v. Unemployment Compensation Board of Review*, 126 Pa. Commonwealth Ct. 555, 560 A.2d 312 (1989). It is critical to note that in the case at bar Claimant has not challenged the reasonableness of the

Employer's work rule re: its drug policy nor attempted to demonstrate good cause for its violation.

Consequently, we conclude that because Employer has met its burden and Claimant has not raised proper defenses, he is disqualified from receiving benefits.

Employer also argues that Board erred in failing to grant reconsideration following Claimant's plea of nolo contendere to the criminal charges. Because we dispose of this case based upon the first issue, we need not address this issue.

Accordingly, we reverse.

### ORDER

AND NOW, September 13, 1990, the order of the Unemployment Compensation Board of Review in the above-captioned case is reversed.