Gesto Possanza, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 8, 1979, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*William F. Bradican,* for petitioner.

*Michael D. Klein,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, May 17, 1979:

Gesto Possanza (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed a denial of unemployment compensation benefits on the grounds that he was discharged for willful misconduct.

The claimant was employed as a truck driver by Dempsey Textile Rental Services (employer) when in the course of making a delivery, on January 31, 1977, he discovered a wire lying across a road on a customer's premises. He testified that he reported this fact to an official at the customer's premises, but did not report it to his employer or fill out an accident report for his employer concerning it. On the same date, an official of the customer telephoned the employer and informed him of the incident, evidently indicating that the claimant had knocked the wire down. The employer advised him that the company required

a bill stating the damages suffered and that he would need a written statement that the driver had caused the wire to fall, and on February 25, 1977, the required bill and a letter, stating only that the claimant had reported to the customer's official that the wire was down, were received. On the same date the employer discharged the claimant citing his failure to file an accident report as required by company rules. When claimant filed an application for unemployment benefits, it was denied by the Bureau of Employment Security (Bureau) on the grounds that he was ineligible under Section 402(e) of the Unemployment Compensation Law[1] because his discharge, was due to willful misconduct. After a hearing before a referee the Bureau's decision was affirmed. The claimant appealed to the Board which also affirmed the denial of benefits and this appeal then followed.

Our scope of review is, of course, limited to a determination as to whether or not the decision of the Board was supported by substantial evidence and was in accordance with the law and as to whether or not the claimant's constitutional rights were violated. 2 Pa. C.S. §704. And a finding of willful misconduct is essentially a legal conclusion which this Court also may reach. *Horace W. Longacre, Inc. v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 176, 316 A.2d 110 (1974).

In order to establish willful misconduct sufficient to justify the denial of benefits it must be shown that the employee's act or course of conduct was in wanton or willful disregard of the employer's interest, a de-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), provides, in part, that an employee shall be ineligible for compensation for any week:

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

liberate violation of the employer's rules, a disregard of the standards of behavior which the employer can rightfully expect from the employee or negligence which manifests culpability, wrongful intent, evil design or intentional and substantial disregard for the employer's interest or the employee's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

In the instant case, the employer contends that it has sustained its burden of establishing willful misconduct by showing that the claimant deliberately violated one of the employer's rules, *i.e.*, failing to file an accident report. The claimant, on the other hand, maintains that he did not violate this rule because he was not involved in an accident. In other words, he contends that there was no accident to report.

In cases involving discharges due to violations of work rules, the following principle set forth in *Mc-Lean v. Unemployment Compensation Board of Review,* 476 Pa. 617, 620, 383 A.2d 533, 535 (1978) is applicable:

> [W]e must evaluate both the reasonableness of the employer's request in light of all the circumstances, and the employee's reasons for noncompliance. The employee's behavior cannot fall within 'wilful misconduct' if it was justifiable or reasonable under the circumstances, since it cannot then be considered to be in wilful disregard of conduct the employer 'has a right to expect.' In other words, if there was 'good cause' for the employee's action, it cannot be charged as wilful misconduct.''

The claimant here does not question the reasonableness of the employer's rule, but maintains that he had "good cause" for not complying with the rule,

and we must agree. The employer's representative at the hearing was asked the following question: "If a driver came across a cable lying across the road, and has no reason to think he was responsible for the cable being across the road, would you require him to file an accident report?" The representative answered "No." The employer would seem, therefore, to have actually conceded that under the claimant's statement of what happened in this case, the filing of an accident report was not required. At any rate, nowhere in the testimony is it established that the claimant had any reason to think that he was responsible for the cable lying across the road.

Having determined that the conduct here in question does not rise to the level of "willful misconduct," we must reverse the decision of the Board.

ORDER

AND Now, this 17th day of May, 1979, the order of the Unemployment Compensation Board of Review denying unemployment compensation benefits to Gesto Possanza is reversed. The matter is remanded to the Board for a computation of benefits due the claimant.