Samuel H. Lindsay, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 17, 1980, before President Judge CRUMLISH and Judges ROGERS and BLATT.

*John Stember*, for petitioner.

*Stephen B. Lipson*, Assistant Attorney General, with him *William J. Kennedy*, Assistant Attorney General, *Richard Wagner*, Chief Counsel, and *Harvey Bartle, III*, Attorney General, for respondent.

OPINION BY JUDGE BLATT, January 30, 1981:

Samuel H. Lindsay (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's determination that Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, 43 P.S. §802(e), made him ineligible for benefits because he had been terminated from his employment because of willful misconduct.

The claimant had been employed for four years as a bus driver by Greyhound Company (employer) when, on May 24, 1978, he received a traffic citation for speeding. Despite his awareness of the employer's rule requiring that all traffic violations be reported to the employer as soon as possible, the claimant did not report this incident until July 14, 1978. His services were terminated on July 26, 1978. The unemployment compensation referee denied benefits and the Board affirmed the referee's denial on the ground that the failure to report the citation amounted to willful misconduct. He argues here that he was actually discharged not because of his failure to report the citation, but because he had had two prior accidents and a prior speeding violation.

It is well settled that an employer bears the burden of proving that an employee was discharged for willful misconduct and that, if the employer is successful

before the Board, this Court must determine on appeal whether an error of law has been committed and whether the necessary findings of fact are supported by substantial evidence. *Boyer v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 191, 415 A.2d 425 (1980).

The claimant relies for his contention that he was discharged because of his prior traffic accidents and violations on the testimony of the employer's representative who stated that the claimant's failure to report the violation of May 24, 1978, would probably have resulted only in a warning or a suspension had it not been for the claimant's prior unsatisfactory driving record. But the fact that the employer would have disregarded an act of misconduct had it not been for the claimant's prior unsatisfactory work record is a matter of managerial discretion, and that consideration is irrelevant to the issue of whether or not the act in question amounted to willful misconduct and whether or not the claimant was discharged because of that act. *See Brenaman v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 328, 392 A.2d 924 (1978).

The failure to report a work-related traffic violation immediately as required by the employer's rule amounted to willful misconduct as a matter of law. *Possanza v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 620, 401 A.2d 596 (1979). And, because the record contains substantial evidence in the form of the employer's representative's testimony to the effect that the claimant was discharged because of that failure, we will affirm the Board.

ORDER

AND Now, this 30th day of January, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.