David Ellis, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 2, 1981, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Lettie D. Newkirk*, with her *Oscar N. Gaskins, Gaskins & McCaskill, P.C.*, for petitioner.

*Charles G. Hasson*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, and *Harvey Bartle, III*, Attorney General, for respondent.

OPINION BY JUDGE BLATT, March 31, 1981:

The petitioner[1] seeks review of a decision of the Board[2] which found him, under Section 402(e) of the Unemployment Compensation Law,[3] to be ineligible for benefits because he had been discharged for willful misconduct.

The petitioner, a clerk in a state liquor store, was discharged because he had left his employment early on February 9, 1979, claiming then that the store was too cold. It was testified that his supervisor had told him to work in the back of the store, away from the front doors, but he had rejected this suggestion. The Board affirmed the finding of the referee and of the Bureau (now Office) of Employment Security, holding that the petitioner's behavior, when coupled with his prior work record,[4] amounted to such willful misconduct as would justify his discharge and make him ineligible for benefits.

The petitioner argues first that he did not refuse an order from his employer when he left work, because his supervisor did not object to his leaving and only suggested that the petitioner move to the back of the

---

[1] David Ellis.

[2] Unemployment Compensation Board of Review.

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[4] The petitioner had received a written warning for unsatisfactory customer service and insubordination on January 11, 1979, and on February 8, 1979, the day before the incident in question, he was given a five-day suspension for unsatisfactory work.

store. Obviously, this argument is without merit. The record shows that the supervisor's directive to the petitioner to work in the back of the store was part of an ongoing rotation system to ensure that no employee had to suffer the cold draft from the front door for an unduly long time. Furthermore, the petitioner himself testified that he knew that his supervisor would forward a report of his early departure to superiors and he understood that docking of his pay or other disciplinary action could result.

The petitioner also argues that it was reasonable for him to refuse his supervisor's suggestion, even if it were to be considered as an order, because working conditions in the store were inordinately cold. A review of the record shows, however, that there was substantial evidence to support the Board's finding[5] that the supervisor's order was reasonable and that the petitioner's departure was consequently unjustified.

It is argued finally that no competent evidence was produced as to the petitioner's prior misconduct and that his action in the one instance concerning which there was testimony, did not of itself rise to the level of willful misconduct. The record indicates, however, that the petitioner had previously received warnings and a suspension for insubordination and unsatisfactory work, a suspension having been imposed just the day before. Such evidence is clearly sufficient to remove any doubt that the conduct noted here demonstrated a continuing and substantial disregard of the behavior which the petitioner's employer had a right to expect. *Wetzel v. Unemployment Compensa-*

---

[5] Where the employer as the party, who had the burden of proving willful misconduct, has prevailed below, we are bound by the Board's findings of fact in the absence of fraud and if such findings are supported by substantial evidence. *Semon v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 501, 417 A.2d 1343 (1980).

160

*tion Board of Review*, 29 Pa. Commonwealth Ct. 195, 370 A.2d 415 (1977).

We will, therefore, affirm the Board's denial of benefits.

ORDER

AND NOW, this 31st day of March 1981, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.