Rosemary Carl, Petitioner *v* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 6, 1984, to Judges DOYLE, PALLADINO and BARBIERI, sitting as a panel of three.

*Leon Ehrlich, Ehrlich & Ehrlich,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent, Department of Labor and Industry.

*John M. Stott, Austin, Boland, Connor & Giorgi,* for respondent, RME Federal Credit Union.

OPINION BY JUDGE PALLADINO, June 12, 1984:

Rosemary Carl (Claimant) appeals from an adverse ruling by the Unemployment Compensation Board of Review (Board), which affirmed the referee's decision to deny benefits because of Claimant's willful misconduct. For the reasons which follow, we reverse.

The facts, which are not in dispute, can be easily summarized. Claimant was employed for more than five years by RME Federal Credit Union (Employer). During the course of her employment, Claimant accumulated three disciplinary memoranda[1] in her per-

---

[1] Two of the memoranda concerned Claimant's conduct with credit union members and the third notice was a directive from the Employer's Board of Directors regarding Claimant's actions in a labor dispute.

manent file over a period of five months. Two years later, in January of 1982, Claimant received a fourth disciplinary notice when she complained about a bulletin issued by the president of the credit union, in which she felt she had been slighted.[2]

The fifth and final incident for which Claimant was ultimately terminated and which the referee described as rising to the level of willful misconduct, occurred on January 20, 1982, and concerned Claimant's two day absence earlier that month. Claimant was aware of the policy followed by her Employer's Board of Directors with regard to remuneration for sick days. The policy was simply that a case by case determination would be made by the Board of Directors each time an employee called in sick. When Claimant learned that she would only be paid for one of her two sick days, she attempted to find out why the Board of Directors had refused to pay her for the other sick day since she had always been paid in the past. When no reason was given, Claimant became upset, cried, telephoned her mother, and left the office area briefly. On January 20, 1982, the Board of Directors unanimously decided to dismiss Claimant based on her past record and the most recent incident.[3]

Claimant was denied benefits under Section 402(e) of the Unemployment Compensation Law (Law)[4] which directs that a claimant shall not be eligible for compensation for any week in which his unemployment is due to discharge or temporary suspension

---

[2] The bulletin listed the names of persons and locations where tickets could be obtained for an annual dinner dance. The bulletin named five locations together with names of the employees to contact at each location, with the exception of the credit union office which listed Claimant not by name, but simply as "clerk".

[3] Referee's Finding of Fact No. 6.

[4] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

from work for willful misconduct in connection with that work.

In the context of unemployment compensation, the question of whether conduct does or does not rise to the level of willful misconduct is one of law, and therefore, subject to our review. *Gilbert v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 446, 449, 431 A.2d 1151, 1152 (1981).

Willful misconduct is only established where the claimant demonstrates a detrimental disregard of the employer's interests or where the claimant's actions are substantially inimical to those interests. *Lee v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 480, 486, 426 A.2d 757, 760 (1981). While no actual injury to the employer's interests is required, there must be a serious disregard of the employee's responsibilities to the employer. *Langensiepen v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 511, 513-14, 451 A.2d 814, 816 (1982). The incidents for which Claimant received the disciplinary memoranda occurred two years prior to the series of events which precipitated her discharge. While a history of disciplinary action can often lead to a conclusion of willful misconduct,[5] we believe that events which transpired two years earlier, without a similar reoccurrence in the interim, cannot be used to support the employer's instant allegations of willful misconduct.[6]

Turning to the sequence of events immediately before Claimant's dismissal, we do not consider her actions to be evidence of a serious disregard of her em-

[5] *See, e.g., Ellis v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 157, 159, 427 A.2d 714, 716 (1981).

[6] The referee agreed, as evidenced by the basis used to support the finding of willful misconduct: "the claimant's actions pertaining to the *final incident* which caused her discharge did in fact rise to the level of wilful (sic) misconduct . . ." (emphasis added).

ployer's interests, nor are they substantially inimical to those interests. Accordingly, we reverse the decision of the Board.

### ORDER

AND Now, June 12, 1984, the decision of the Unemployment Compensation Board of Review, No. B-206852, is reversed. Jurisdiction relinquished.