Wayne R. Fusaro, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 12, 1984, to Judges WILLIAMS, JR., CRAIG and DOYLE, sitting as a panel of three.

*John F. Cambest, Conway, Meyer & Cambest,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, October 23, 1984:

Before this Court is an appeal by Wayne R. Fusaro (Petitioner) from a decision and order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision to deny unemployment compensation benefits on the grounds that certain of his actions constituted willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1] Petitioner was employed by the Dollar Savings Bank (Bank) of Pittsburgh in August 1976 and, subsequently began working at the Bank's McKeesport branch in October of 1981. Petitioner was employed as a branch manager at the time of his termination. During Petitioner's period of employment he was subject to certain Bank procedures including the following:

a) *Check Cashing Procedure*

1. If a check in an amount in excess of $1,000.00 is returned to a branch office for in-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

sufficient funds, management shall notify branch administration.

2. Any check in excess of $250.00 shall not be put back through the check cashing system a second time without notification to branch administration.

b) *Legal Documents*

1. No legal document as defined in the Operations Manual shall be handled without the approval of legal counsel for Dollar Savings Bank.

In November of 1981 a Ms. Karen Smith, who was not a regular bank customer, wished to cash a check for a large sum of money. The referee found that Petitioner, without seeking a legal opinion, had Ms. Smith's employer sign a third party guarantee document. Said document subsequently proved to be worthless. The referee also found that Petitioner permitted Ms. Smith to re-present dishonored checks without informing branch administration. Ms. Smith overdrew her account and the Bank sustained a loss of $104,000.

In cases of willful misconduct as defined in Section 402(e) the burden of proof rests with the employer. *Lindsay v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 392, 424 A.2d 1014 (1981). Where, as here, the party with the burden of proof has prevailed below, this Court's scope of review is limited to determining whether an error of law has been committed or whether findings of fact are supported by substantial evidence on the record. *Id.*

Petitioner asserts that with respect to implementing the guarantee agreement, he violated no established policy because the agreement he initiated was

not specifically defined as a legal document under the Bank's written policy, which policy contains *examples* of legal documents. The purpose of a guarantee agreement is to define the legal rights and liabilities of third parties; indeed, Petitioner must have *thought* the instrument had legal significance; otherwise, he would not have executed it. Petitioner's belief that the document was legally binding serves to demonstrate his deliberate disregard of his employer's rules and, would therefore, constitute willful misconduct. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168 (1973). Although Petitioner contends his purpose was to protect the Bank's interest, a negligent act "which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties" is sufficient to establish willful misconduct. *Id.* The record reveals that Petitioner himself testified that his reasons for undertaking the agreement were to accommodate Ms. Smith. Thus, we do not perceive his conduct to be a reasonable effort to protect the Bank's interest, as he maintains.

Petitioner next asserts that the referee's findings with respect to Petitioner's failure to follow check cashing procedures are not supported by substantial evidence.[2] Petitioner argues that the employer's failure to produce a memorandum purportedly ini-

---

[2] Petitioner, in his statement of the issues in his brief, does not question the legal sufficiency of the evidence, but merely questions whether the facts as found constitute conduct which rises to the level of willful misconduct. He does, however, in the argument portion of his brief raise the issue of the legal sufficiency of the evidence.

tialed by Petitioner, which memorandum directed subordinate employees to bypass check cashing procedures, renders the other testimony on this point incompetent. Petitioner alleges that without the memorandum there was not substantial testimony to show that he even knew that Ms. Smith overdrew her account. The record, however, contains the testimony of an employee who actually saw the memorandum in question, and, taken together with the testimony of that same employee that Petitioner gave other employees verbal instructions which were contradictory to Bank policy, competent evidence was adduced which supports the referee's findings. Those findings support the conclusion that Petitioner's conduct rose to the level of willful misconduct.

Finally, Petitioner contends that testimony by the employer's own witness indicates that from November of 1981 through February of 1982 there were sufficient balances in Ms. Smith's account to cover any *single* check presented by Ms. Smith. This, however, does not justify Petitioner's direction to his subordinates that the normal re-presentment procedures were to be circumvented in Ms. Smith's case. Having found substantial evidence of record that Petitioner violated Bank procedures without good reason, we affirm the Board's order.[3]

ORDER

Now, October 23, 1984, the decision of the Unemployment Compensation Board of Review in the above captioned matter, No. B-208170, dated July 21, 1982, is hereby affirmed.

---

[3] In his petition to this Court, Petitioner made allegations with respect to perjured testimony at the hearing. This issue was neither briefed nor argued; therefore, we do not address it.