Brenda J. Myers, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 14, 1984, to Judges DOYLE, COLINS and PALLADINO, sitting as a panel of three.

*Steven M. Carr*, for petitioner.

*Charles G. Hasson*, Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, March 27, 1985:

Brenda J. Myers (Claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's decision which found Claimant ineligible for unemployment compensation benefits on the grounds of willful misconduct under Section 402(e) of the Unemployment Compensation Law.[1] We affirm.

The facts, as found by the referee and adopted by the Board, are not in dispute. Claimant was last employed by Lutheran Social Services (Employer) as a nurse at the York Lutheran Home (Home) from September 21, 1981 to August 28, 1982. On August 28, Claimant administered medication to a resident of the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

Home without checking that resident's medical chart. Claimant was aware that this resident had been prescribed the medication on an as needed basis and assumed that the same prescription was in effect. However, had Claimant checked the resident's chart she would have noticed that the medication she had administered was no longer prescribed on an as needed basis. Rather, the resident was to administer the medication to herself four times a day. Thus, the result of Claimant's failure to check the chart was that the resident received a double dosage of the medication.[2] Moreover, Claimant failed to log in on the resident's chart that she had administered the medication. The Employer's policy and state regulations prohibit administering medication without proper authorization and require that all medication administered to a patient be logged in on that patient's medical chart. Claimant was aware of the Employer's policy and admitted that she neglected both to check the resident's chart and to log in the administering of the medication.[3] Claimant was discharged both for administering medication to a resident without a physician's order *and* for failing to log in the administering of such medication.

The referee concluded that Claimant's violation of this known policy of the Employer constitutes willful misconduct. The Board affirmed. On appeal, Claimant argues that her admitted violation of the Employer's policy was inadvertent and, as such, does not constitute willful misconduct.

The employer bears the burden of proving willful misconduct in an unemployment compensation case.

---

[2] The resident suffered no serious side-effects as a result of the double dosage.

[3] Claimant testified that had she checked the resident's chart, she would not have administered the medication.

*Gane v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 292, 398 A.2d 1110 (1979). And, when the party bearing the burden of proof prevails before the Board, our scope of review is limited to a determination of whether the Board's findings of fact are supported by substantial evidence and whether the Board committed an error of law. *Milne v. Unemployment Compensation Board of Review,* 73 Pa. Commonwealth Ct. 30, 457 A.2d 224 (1983).

Whether specific conduct rises to the level of willful misconduct is a question of law, and subject to our review. *Gilbert v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 446, 431 A.2d 1151 (1981). The Pennsylvania Supreme Court has defined the term "willful misconduct" as:

> An act of wanton or willful disregard of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of an employee, or negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer.

*Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 83-84, 351 A.2d 631, 632 (1976). Where the violation of an employer's rule is involved, the employer must prove both the existence of the rule and the fact of its violation. *Doyle v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 494, 426 A.2d 756 (1981). And where an employee attempts to justify the violation, he has the burden of proving good cause. *Partsch v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 293, 439 A.2d 1331 (1982).

Here, Claimant admits the existence of the Employer's policy and the fact of its violation. She

argues, however, that her violation was inadvertent. It is true that an inadvertent violation of an employer's rule does not necessarily constitute willful misconduct. *Morysville B. Works, Inc. v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 6, 419 A.2d 238 (1980). However, in the instant case, we do not think that Claimant's inadvertence should exculpate her from being found guilty of willfull misconduct. Claimant testified that she had "no good reason" for her failure to adhere to the Employer's policy but that she merely neglected to do so.[4] Claimant had been employed at the Home for almost a year and had been a licensed practical nurse for fifteen years. Thus, as an experienced health care professional, she certainly was aware of the importance of checking and marking a patient's medical chart.

Moreover, this Court has refused to extend the inadvertence exception to rule violations by health care professionals. *See Philadelphia Geriatric Center v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 357, 406 A.2d 1177 (1979). In *Philadelphia Geriatric* we stated:

> a hospital may rightfully expect its employees to carry out their duties, and has recognized the need of health care professionals to be able to rely upon the record of medications and treatments administered to each patient. Performing prescribed treatments and correctly marking treatment charts are vital components of a nurse's obligation to her employer and to her patients. Any failure to perform those functions is a sufficiently serious offense to

---

[4] Claimant testified that at the time she administered the medication to the resident, she may have been "busy" or it may have been "time to go off duty".

constitute willful misconduct. (Citations omitted.)

*Id.* at 362, 406 A.2d at 1179-1180.

Accordingly, we believe the Board was correct in concluding that Claimant's conduct constituted willful misconduct.

The Board's order is affirmed.

### ORDER

AND Now, March 27, 1985, the order of the Unemployment Compensation Board of Review, decision No. B-216300, dated March 28, 1983, is hereby affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.