531 A.2d 832

Pennsylvania National Insurance Company, Petitioner *v*. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs July 27, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*G. David Pauline, Bricker & Pauline,* for petitioner.

*Gary L. Kelley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, September 30, 1987:

Pennsylvania National Insurance Company (PNI) appeals a decision of the Pennsylvania Unemployment Compensation Board of Review affirming a referee's award of benefits to former employee Jon S. Granoff. The employer argues that the board should have denied claimant benefits under the provisions of section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) (willful misconduct).

In unemployment compensation cases, the employer bears the burden of proving the employee's willful misconduct. *Fusaro v. Unemployment Compensation Board of Review,* 85 Pa. Commonwealth Ct. 507, 483 A.2d 1013 (1984). The sole issue on appeal is whether the employer met this burden.

Claimant worked for .PNI since 1969; his last position was that of claims supervisor. The officers of PNI began an investigation of claim adjustment procedures at claimant's office after receiving an anonymous note which suggested that claims by PNI employees were being handled differently than claims by non-employees. The investigators investigated 103 claim files, 21 of which claimant handled. PNI claims that there were deficiencies in all of claimant's 21 files. The investigators also evaluated some 700 other files in the office. Sixty of these files had deficiencies, 6 of which were claimant's. PNI auditors found this small percentage of deficient files acceptable.

PNI's house counsel interviewed claimant regarding the 21 employee claim files. PNI then discharged claimant on the ground that he improperly handled employee claims for the benefit of the employees.

In awarding benefits, the board found that the claimant treated all claims filed by PNI employees in the same manner as claims by non-employees, in accordance with accepted standards; and that claimant processed these claims to the best of his ability and that any deficiencies were inadvertent.

The findings of a referee, which are affirmed by a board, are binding on this court when supported by substantial evidence, though there is record evidence to the contrary. *Johnson v. Unemployment Compensation Board of Review*, 95 Pa. Commonwealth Ct. 183, 504 A.2d 989 (1986). In this case, the board's factual findings are supported by substantial evidence. However, whether specific conduct rises to the level of willful misconduct is a question of law subject to review. *Myers v. Unemployment Compensation Board of Review*, 88 Pa. Commonwealth Ct. 399, 490 A.2d 18 (1985).

Willful misconduct is only established when claimant demonstrates a detrimental disregard to the em-

ployer's interests or when the claimant's actions are substantially inimical to such interests; while no actual injury need be shown, there must be serious disregard of claimant's responsibility to the employer. *Carl v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 256, 476 A.2d 1008 (1984).

PNI argues that claimant's willful misconduct can be viewed as either a violation of company rules, or alternatively, as a lack of honest adherence to company policies. When violation of the employer's rule is the basis of a willful misconduct charge, the employer must prove the existence of the rule and the fact of violation. *Myers,* 88 Pa. Commonwealth Ct. at 402, 490 A.2d at 19. In this case, the record does not show any evidence of specific rules which the claimant allegedly violated. In fact, the referee and the board specifically found that PNI established guidelines for processing employee claims only after claimant's discharge. PNI thus proved neither the existence of a rule nor claimant's alleged violation of treating employee claims differently.

Claimant did admit that he erred on one claim, allowing payment for four rather than two damaged tires. The referee found this mistake an inadvertent one. An inadvertent violation of an employer's rules is not necessarily willful misconduct. *Miller v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 151, 415 A.2d 454 (1980).

PNI also failed to establish its second theory, that claimant's action showed a lack of honest adherence to company policy. The record shows that PNI's personnel manager thought that claimant was doing a commendable job, was working at a high level of performance, and consistently had a good job rating. The record also indicates that PNI maintained an expedited procedure by which claimant could process claims with a minimum of documentation; at least one-third of the claims in

claimant's office were required to be processed under this procedure. Under such circumstances, claimant's handling of the 21 files in question cannot be called a failure to adhere to company policy.

We agree with the board that PNI failed to meet its burden of establishing willful misconduct, and affirm the award of benefits to the claimant.

## ORDER

NOW, September 30, 1987, the decision of the Unemployment Compensation Board of Review, Decision No. B-249399, dated June 2, 1986, is affirmed.

Judge PALLADINO dissents.