Asuncion Santiago, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent

Argued April 2, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Margarita Navarro,* for appellant.

*Reese Couch,* Assistant Attorney General, with him *William G. Dade,* Assistant Attorney General, and *J. Justin Blewitt,* Acting Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., June 7, 1979:

Asuncion Santiago appeals a decision of the Unemployment Compensation Board of Review affirming a referee's denial of benefits. We are asked to review the record for substantial evidence supporting Board findings, and to examine the legal conclusion that Santiago voluntarily terminated employment without necessitous and compelling reasons.[1] We affirm.

The findings indicate that Santiago was last employed by Gimbels on November 4, 1977, as a checking and receiving clerk. Her position was eliminated and employer offered her work in accounts payable as a vendor adjuster at the same rate of pay and with no change in hours. Santiago rejected the offer because she felt it was beyond her ability and would be emotionally upsetting. Employer had determined that she was qualified and would provide any necessary training.

A careful reading of the record reveals adequate support of these findings. The former employee argues she was never offered a new position, yet her admissions indicate she was offered a job in accounts payable and the only position available was vendor adjuster. Moreover, the record supports the finding that Claimant actually rejected the position. Santiago

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

contests this finding but employer's testimony lends adequate support. Conflicts in testimony are resolved below and findings adequately supported are binding. *Roach v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 424, 376 A.2d 314 (1977). Substantial evidence in the form of employer testimony likewise supports the finding that employer determined that Claimant was capable and that employer would provide training.

These findings in turn support the conclusion of a non-necessitous voluntary termination in the nature of a refusal to accept suitable employment. Claimant's former position involved receiving and marking orders, while her new position included making adjustments to these orders after communicating with the vendors. Employer offered training and indicated that its confidence in the employee was a result of her excellent past performance. Employee made no attempt to see if the job would work out. The employer has fulfilled its obligation to offer suitable employment as provided by Section 4(t) of the Unemployment Compensation Law.[2]

Santiago offers incompetence, lack of proficiency in the English language and emotional upset as justification for her refusal to accept the position. We reiterate that the burden is on Claimant to prove necessary cause for voluntary termination. *Pfafman v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 197, 300 A.2d 295 (1973). We hold that Claimant's subjective perception of inadequacy without an attempt to perform the duties, especially in light of her excellent work history, falls short of a necessary reason to terminate employment.

Accordingly, we

---

[2] Section 4(t) of the Unemployment Compensation Law, 43 P.S. §753(t).

## ORDER

AND Now, this 7th day of June, 1979, the order of the Unemployment Compensation Board of Review at Decision No. B-156124 denying benefits to Asuncion Santiago is affirmed.