Glenmore Academy, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 4, 1979, before Judges WILKIN-SON, JR., BLATT and CRAIG, sitting as a panel of three.

*George L. Koynok,* for petitioner.

*Gary Marini,* Assistant Attorney General, with him, *James K. Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, March 11, 1980:

Glenmore Academy (employer) appeals from an order of the Unemployment Compensation Board of Review (Board) which granted benefits to the claimant.

The employer hired the claimant in September 1976 to teach pre-school classes. In February 1978, the employer's representative informed the claimant that her work was unsatisfactory and her services were then terminated. Her initial application for benefits was denied by the then Bureau of Employ-

ment Security after a determination that her discharge was due to willful misconduct.[1] She then requested a hearing before a referee at which both she and the employer's representative testified. Although the employer testified that she had been discharged for violation of school rules, the referee chose instead to accept her testimony that she did not violate these rules but was discharged because she lacked a state certification to teach pre-school children. The referee found that the claimant had always performed her duties to the best of her ability and awarded her benefits. After the employer's appeal to the Board was disallowed, this instant appeal was filed.

It is axiomatic that it is the Board's function to resolve conflicts in the evidence, and that we must affirm its decision if it is supported by substantial evidence. *Santiago v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 276, 402 A.2d 300 (1979). A careful reading of the record here convinces us that there is ample evidence to support the referee's conclusion that the claimant was discharged because she failed to meet the employer's standards, and, because, as the referee also found, this failure was not due to her willful disregard of the employer's interest but rather to mere inability or incapacity, on her part, he therefore properly concluded that the claimant was not guilty of willful misconduct. *See Wetzel v. Unemployment Compensation*

[1] Section 402(e) of the Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e) provides:

An employee shall be ineligible for compensation for any week—

. . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct. . . .

*Board of Review,* 29 Pa. Commonwealth Ct. 195, 370 A.2d 415 (1977).

The order of the Board is therefore affirmed.

ORDER

AND Now, this 11th day of March, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

This decision was reached prior to the death of President Judge BOWMAN.

Judge DISALLE did not participate in the decision in this case.