Austin W. Remaly, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 8, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Robert M. Davison, Turtzo, Spry, Powlette & Sbrocchi,* for petitioner.

*Elsa D. Newman-Silverstine,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE MENCER, December 23, 1980:

Austin W. Remaly, Jr. (claimant) appeals from two orders of the Unemployment Compensation Board of Review (Board), which affirmed two orders of referees determining that claimant was subject to fault overpayments, pursuant to Section 804(a) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §874(a). We affirm.

On July 14, 1974, claimant applied for and received benefits after termination of his position with Ironton Prints, Inc. On August 12, 1974, claimant began part-time work with Laneco at the rate of $3.50 per hour. Claimant continued this part-time work until August 23, 1975, when he was terminated for dishonesty. Claimant failed to report this work to the Bureau (now Office) of Employment Security (Bureau); consequently, he received an overpayment of $3967 in benefits.

On January 20, 1976, claimant began working as an intermittent intake interviewer for the Bureau. Claimant also failed to report this income and, as a result, received an overpayment of $82 in benefits. The compensation authorities, after hearings, determined that claimant was subject to fault overpayments

in the amount of $4049, and claimant's appeal to this Court followed.

For much of the time here in issue, claimant informed the Bureau of his employment status by mailing in claims cards. These cards include a space for earnings received during the compensable period. Upon receipt of the cards, the Bureau records the information on a "UC-100" card, in order to reflect the reporting history of each claimant.

Claimant first contends that the UC-100 card was not properly admitted as a business record. We disagree. The local claims supervisor identified the document and testified at length regarding its mode of preparation by the Bureau. We believe that this testimony satisfies the requirement of Section 6108(b) of the Uniform Business Records as Evidence Act, 42 Pa. C. S. §6108(b),[1] and that the referee properly considered the document.[2]

Nevertheless, even if the UC-100 card were hearsay, claimant failed to object to its admission and the document is therefore competent evidence if it is cor-

---

[1] Section 6108(b) reads as follows:

(b) General Rule.—A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

[2] Claimant's argument that the Bureau procedure was too new to acquire the custom or regularity to qualify as a business record is meritless. Claimant cites no authority, nor can we find any, to support his view that a document must be prepared for a particular length of time before it qualifies as a business record.

In any event, we note that claimant submitted some 24 mail claims cards from March 1975 through February 1976, none of which indicated claimant's other earnings. We believe that a year of daily, consistent business practice constitutes sufficient regularity to satisfy the business record exception.

554

roborated by other competent evidence. *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). Our review of the record reveals ample corroborating evidence.

Both the local claims supervisor, who personally doublechecked the main claims cards submitted by claimant, and the overpayment officer, testified that claimant's wages were not reported. There was also testimony that claimant failed, on six occasions, to inform intake interviewers of earnings received during weeks for which he accepted benefits. Although claimant testified that he included his earnings on his mail claims cards and answered the interviewers' questions truthfully, resolution of credibility is an issue for the Board. *Santiago v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 276, 402 A.2d 300 (1979). Since the Board's findings are supported by competent, substantial evidence, we will not disturb them. *Frick v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 198, 375 A.2d 879 (1977).

Claimant argues, in the alternative, that he was not at fault for the overpayments because he was misled by the Bureau as to the reporting requirements. In view of claimant's admission that he received the unemployment compensation pamphlet and understood its contents and in view of the fact that, for a part of the time here in question, claimant *worked for* the Bureau, this argument is meritless.

Accordingly, we enter the following

ORDER

AND Now, this 23rd day of December, 1980 the orders of the Unemployment Compensation Board of Review in the above captioned case, dated February 20, 1979, are hereby affirmed.