Andrew Melhorn, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and C. C. Kottcamp & Son, Inc., Respondents.

Argued February 2, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Frank I. Goldenberg,* with him *Robert H. Griffith,* and *Michael J. Brillhart, Markowitz, Kagen & Griffith,* for petitioner.

*Karen Durkin,* Assistant Attorney General, with her *James K. Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondents.

OPINION BY JUDGE MENCER, April 7, 1981:

This is an appeal by Andrew Melhorn (claimant) from a decision of the Unemployment Compensation Board of Review (Board) which affirmed an order of the referee determining that claimant was subject to recoupment of nonfault overpayments, pursuant to Section 804(b) of the Unemployment Compensation Law (Act),[1] and denying further benefits, pursuant to Section 402(a) of the Act.[2] We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §874(b).

[2] 43 P.S. §802(a).

On January 7, 1979, claimant applied for and received benefits after being laid off from his position with C. C. Kottcamp as a truck driver and stockroom worker. On March 29, 1979, the Office of Employment Security (OES) held a job referral interview with claimant concerning possible employment with a construction firm. After claimant failed to accept the referral, the Board determined that claimant was ineligible for benefits for refusing, without good cause, to apply for suitable work.

Claimant argues on appeal that (1) the OES representative supplied insufficient information about the potential job to constitute a bona fide offer of employment and (2) the OES representative misled claimant about his legal responsibilities in regard to a job referral.

In support of his first argument, claimant alleges that, although his potential wage rate was discussed, he was never told the name or the location of the employer. We find this argument to be without merit, since it is clear from claimant's testimony that he knew a position was available for him,[3] even if all of the details were not discussed. Furthermore, claimant's testimony indicates that he discouraged the referral,[4] and in light of this evidence, it is indeed plau-

---

[3] Claimant gave the following testimony:

Q: On or about the 29th of March someone in [the OES] talked to you about a job with Henkel & McCoy?

A: They spoke to me about this job, but not Henkel & McCoy. The contractor was never mentioned, just that I was offered a job and I was interviewed.

[4] In regard to his interview with the OES representative claimant testified as follows:

Q: In [the OES] you were interviewed. You never saw the employer?

A: No, not after we finished our conversation. He just gave me the card and said sign it and send it back. I tried to explain, but it might have gotten twisted, I don't know,

sible that the specifics of the job would never be reached.

In furtherance of his second argument, claimant alleges that, after he explained that he needed only six more months of union work to qualify for a pension, the OES representive responded that claimant "didn't have to take the job." Claimant testified that, as a result of their conversation, he was misled by the OES representative to believe that he could refuse the job referral. In view of claimant's admission that he received the unemployment compensation pamphlet and understood that he could be denied benefits for refusing to apply for suitable work, claimant's argument must fail. *See Remaly v. Unemployment Compensation Board of Review,* 55 Pa. Commonwealth Ct. 551, 423 A.2d 814 (1980).

Furthermore, the OES representative testified that, based upon the record he made with respect to the interview,[5] claimant refused the job referral. The OES representative indicated on the record that claimant was "not available due to pension plan," and checked off the box next to the printed statement "failed to report for referral." Although claimant testified that he did not turn down the referral, resolution of credibility is an issue for the Board. *Santiago v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 276, 402 A.2d 300 (1979).

Therefore, we are satisfied that the Board had substantial, competent evidence upon which to base its

---

but the man who interviewed me here I had told him to my union [*sic*] that I had about six months go with possible retirement with that company, with the union which [if] I left there I would never get. I would never be elible for it.

[5] Whether viewed as a past recollection recorded or hearsay admissible under the business record exception, the record of the OES representative may be used as evidence of the facts recited therein. *See* C. McCormick, Law of Evidence 595 (1954).

finding that claimant refused, without good cause, to apply for suitable work offered to him by the OES.

Accordingly, we enter the following

### ORDER

AND NOW, this 7th day of April, 1981, the order of the Unemployment Compensation Board of Review, dated August 13, 1979, denying benefits ·to Andrew Melhorn and directing the recoupment of a nonfault overpayment in the amount of $278, is affirmed.

This decision was reached prior to the resignation of Judge WILKINSON, JR.