Peggy L. Gilbert, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 6, 1981, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*Charles R. Rosalimia, Jr.,* for petitioner.

*Francine Ostrovsky,* Assistant Attorney General, with her *James K. Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, July 9, 1981:

Peggy Gilbert (Claimant) appeals here from a decision and order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law),[1] the willful misconduct provision. Since additional findings of fact must be made to enable us to resolve the legal issue raised in this appeal, we will remand.

On October 20, 1978, Claimant was fired from her job as a $2.65 per hour waitress for a McDonald's restaurant (McDonald's), and subsequently filed an ap-

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

plication for unemployment compensation benefits with the Bureau, now Office, of Employment Security (Bureau). The Bureau initially determined that Claimant was eligible for benefits, and McDonald's appealed. Following a hearing, the referee concluded that Claimant had been dismissed for willful misconduct, and reversed the Bureau's award of benefits. Thereafter, the Board issued an order disallowing further appeal pursuant to Section 502 of the Law, 43 P.S. §822, and Claimant filed an appeal to this Court. By an order dated July 19, 1979, we remanded this case pursuant to an Application for Remission of Record filed by the Board, and a remand hearing was subsequently conducted on September 5, 1979. From the evidence adduced at that hearing, the Board made the following pertinent findings of fact:

2. The claimant had been warned on June 1, 1978 and September 1, 1978 about offensive body odor and customer complaints regarding same.

3. The claimant informed the employer and asserts that the body odor is due to medical reasons.

4. The employer instructed the claimant to provide medical certification concerning the cause of the body odor.

5. The claimant provided the employer with medical certification.

6. The employer could not read the certification supplied and contacted the doctor.

7. The doctor informed the employer that the medical condition for which he was treating the claimant was entirely different from the problem of the body odor.

8. The claimant was again instructed to provide the employer with certification that her body odor was caused by a medical condition.

9. The request for this medical certification was reasonable so as to establish that the body odor was not caused by poor personal hygiene in light of the employer's business.

10. The claimant failed to provide the requested medical certification and was placed on an involuntary leave of absence.

11. The claimant was in effect discharged not for the aforementioned body odor but for her failure to provide the necessary medical certification.

The Board concluded from these findings that Claimant had been discharged for willful misconduct, and affirmed the referee's denial of benefits. The present appeal followed.

The question of whether conduct rises to the level of "willful misconduct" is one of law for this Court to decide. *Paige v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 141, 394 A.2d 1318 (1978). "It is clear that an intentional and deliberate violation of an employer's reasonable rules constitutes 'willful misconduct.' However, there must be a finding that the claimant's conduct was willful, deliberate or intentional." *Miller v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 151, 154, 415 A.2d 454, 455 (1980). As we have repeatedly held, mere findings of incompetence or inability are insufficient to support a conclusion of "willful misconduct." *Glenmore Academy v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 42, 411 A.2d 1296 (1980); *Wetzel v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 195, 370 A.2d 415 (1977).

In the present case, Claimant testified at the initial referee's hearing, and again at the remand hearing, that she had gone to her doctor twice at her own expense in an attempt to comply with her employer's

request for medical verification, but that her doctor's response on each occasion had been inadequate. Before this Court, Claimant asserts that her good faith effort to comply with her employer's request should preclude a denial of benefits on the grounds of "willful misconduct."

While we agree with Claimant that she could not be denied benefits on the grounds of willful misconduct if she did make a good faith effort to obtain medical verification, we are unable to determine from the record before us if that good faith effort was made. As our Supreme Court stated in *Page's Department Store v. Velardi*, 464 Pa. 276, 287, 346 A.2d 556, 561 (1975), "[the Board's findings of fact] must include all findings necessary to resolve the issues raised by the evidence and which are relevant to a decision." In the present case the Board made no findings of fact as to why Claimant did not supply medical verification even though Claimant clearly testified that she made a good faith effort to comply with her employer's request. Since we cannot determine whether Claimant's conduct amounted to "willful misconduct" without a resolution of this factual issue, *Miller*, and since we, as an appellate court, are not at liberty to infer findings not actually made by the Board, *Kostek v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 271, 392 A.2d 909 (1978), we will enter the following

ORDER

AND Now, July 9, 1981, the decision and order of the Unemployment Compensation Board of Review, dated November 5, 1979, Decision No. B-169079-B, is hereby reversed and the record remanded for additional findings of fact.

Judge WILKINSON, JR. did not participate in the decision in this case.