444 A.2d 1151

Delores LeGARE, Appellant,

v.

COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Appellee.

Supreme Court of Pennsylvania.

Argued Jan. 21, 1982.

Decided May 3, 1982.

Harold I. Goodman, Alan L. Phillips, Philadelphia, for appellant.

Richard Wagner, Asst. Atty. Gen., Francine Ostrousky, Asst. Atty. Gen., for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION

LARSEN, Justice.

Appellant Dolores LeGare was terminated from employment with the University of Pennsylvania after eleven years with that employer. She then applied for and was denied unemployment compensation benefits by the Bureau of Employment Security[1] on the grounds of willful misconduct under Section 402(e) of the Unemployment Compensation

1. The Bureau of Employment Security is now referred to as the Office of Employment Security. 9 Pa.Bull. 2879 (August 25, 1979).

Law, 43 P.S. § 802(e) (1964). Following a hearing on September 19, 1977, an unemployment compensation referee affirmed that denial and agreed with the Bureau's determination of willful misconduct. That determination was appealed to the Unemployment Compensation Board of Review (the Board), appellee, which after oral argument affirmed the referee based upon the following findings of fact (taken verbatim from those of the referee):

2. Claimant reported off sick subsequent to June 13, 1977.

3. Since the employer did not receive conclusive medical information regarding claimant's condition and expected duration of same, on July 20, 1977, a letter was sent to the claimant wherein she was informed that she had been placed on suspension without pay from July 25 to August 15, 1977.

4. During this period, claimant was expected to report to the Health Evaluation Center for a physical examination to determine the status of her health condition.

5. Claimant was further advised that failure to comply with this requirement, would result in automatic dismissal.

6. Claimant did not comply with the employer's request for a medical examination by August 13, 1977, and was terminated for this reason.

Appellant took an appeal from the Board's adjudication to the Commonwealth Court which affirmed on May 10, 1979, holding that she had failed to comply with a reasonable request of her employer to submit to medical examination by University physicians and was, thus, disqualified from benefits due to willful misconduct within the meaning of Section 402(e). *LeGare v. Unemployment Compensation Board of Review*, 42 Pa.Cmwlth. 536, 400 A.2d 1379 (1979) (per Wilkinson, J., joined by DiSalle, J.; Blatt, J. dissenting). On October 2, 1979, this Court granted appellant's petition for allowance of appeal. We reverse.

The standard of appellate review of a decision of the Unemployment Compensation Board of Review was set forth in *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 355, 378 A.2d 829, 831 (1977):

It is now axiomatic in an unemployment compensation case, that the findings of fact made by the Board, or by the referee as the case may be, are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. (citations omitted) The appellate court's duty is to examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony, to see if substantial evidence for the Board's conclusion exists.

Legal conclusions drawn by the Board from its findings of fact are subject to judicial review. *Id.*, 474 Pa. at 358, 378 A.2d at 832. Ultimate conclusions that must be drawn from the underlying facts—sometimes called "ultimate facts"—are reviewable as legal conclusions. *Id.* The question of whether an employee's actions constitute willful misconduct is an ultimate conclusion and, therefore, subject to judicial review. *McLean v. Unemployment Compensation Board of Review*, 476 Pa. 617, 619, 383 A.2d 533 (1978). Moreover, the burden of demonstrating the employee's willful misconduct is on the employer. *Id.; Mine Safety Appliances v. Unemployment Compensation Board of Review*, 55 Pa.Cmwlth. 517, 423 A.2d 798 (1980).

In reviewing the Board's conclusions, we are guided by the remedial, humanitarian objectives of the Unemployment Compensation Law and the concomitant need for liberal construction to achieve its goals. *Penn Hills School District v. Unemployment Compensation Board of Review*, 496 Pa. 620 at 625, 437 A.2d 1213 at 1215 (1981); *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 85, 351 A.2d 631, 633 (1976). Accordingly, we have stated in *Frumento v. Unemployment Compensation Board*

*of Review, supra,* 496 Pa. at 87, 351 A.2d at 634, that in order to fall within the definition of willful misconduct,[2] the actions of the employee

> must represent "a disregard of standards of behavior which the employer has a right to expect of an employe[e]." (citation omitted) Thus, not only must we look to the employee's reason for non-compliance, we must also evaluate the reasonableness of the [employer's] request in light of all of the circumstances. To accommodate this end the Superior Court developed a concept of good cause. *Crib Diaper Service v. Unemployment Compensation Board of Review,* 174 Pa.Super. 71, 98 A.2d 470 [490] (1953), see also *Krawczyk Unemployment Compensation Board of Review,* 175 Pa.Super. 361, 104 A.2d 171 [338] (1954). The rationale upon which this concept of good cause was developed was that where the action of the employee is justifiable or reasonable under the circumstances it can not be considered wilful misconduct since it can not properly be charged as a wilful disregard of the employer's intents or rules or the standard of conduct the employer has a right to expect. *Crib Diaper Service v. Unemployment Compensation Board of Review,* supra. We find this reasoning persuasive.

■ Applying this standard, we look now to the circumstances surrounding appellant's discharge. Appellant testified at the hearing before the referee (the employer did not appear) that she had been on sick leave since June 13, 1977. Appellant had accumulated enough sick leave through the years to cover this period of illness. In compliance with the written sick leave policy of the University, appellant submitted a doctor's certificate from her physician stating that she was under his care and would be out for an indefinite period of time. The University asked for additional doctor's

2. Section 402(e), 43 P.S. § 802(e), provides that an employee shall be ineligible for compensation for any week in "which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work...."

verification which appellant had her doctor forward. Appellant further testified that it was not University policy to require an employee out on sick leave to be examined by a University physician, although such a policy did exist in cases of long-term disability. (As appellant was out on sick leave, not long-term disability, the latter was not applicable.)

Nevertheless, the referee and the Board found "[s]ince the employer did not receive conclusive medical information" and since the "[c]laimant did not comply with the employer's request", appellant's refusal amounted to willful misconduct. In reaching this conclusion (that there was inadequate medical information), the referee relied solely on a letter written by the University to appellant which stated that she was expected to report to the University Health Evaluation Center for physical examination by a certain date or be terminated. The letter then stated this "action has been necessitated by your excessive rude and crude responses to our numerous requests for physician certification of your illness and expected duration of same. This has caused extensive disruption in the routine of [appellant's supervisor's] office and in the section as a whole." Because this letter was hearsay and was uncorroborated, it cannot be deemed competent evidence of the reasonableness of the employer's request. *See Unemployment Compensation Board of Review v. Ceja*, 493 Pa. 588, 614, 427 A.2d 631, 645 (1981) (Roberts, J., concurring, joined by Larsen, J. and Flaherty J.) (hearsay may not support a Board finding unless supported by competent evidence)[3]; *Walker v. Unemployment Compensation Board of Review*, 27 Pa.Cmwlth. 522, 367 A.2d 366 (1976).

■ Accordingly, as the record reveals that the University's request (that appellant be examined by its own physi-

---

**3.** The opinion of Justice Kauffman in *Ceja* was not joined by any other member of this Court; thus, that opinion is of no precedential value whatsoever—it merely announced the Court's result.

cians) deviated from written sick leave policy, and as there was no competent evidence in the record justifying that deviation, appellant's failure to comply with that request was reasonable and cannot be deemed willful misconduct under Section 402(e).

Order of the Commonwealth Court reversed; case remanded to the Unemployment Compensation Board of Review for computation of benefits.

HUTCHINSON, J., filed a dissenting opinion, in which NIX and McDERMOTT, JJ., joined.

HUTCHINSON, Justice, dissenting.

The claimant in this unemployment compensation case was absent from work because of illness for over two months. While she furnished the employer with letters from her physicians attesting to the facts of her illness, none of those letters gave a definite date when she would return to work. Her employer, therefore, asked her to report for an examination by a physician of its choosing and advised her that if she did not do so, she would be terminated. The employee, by her own admission in the intake interview, attested to knowledge of this request and her refusal to comply. The majority opinion concludes that this refusal cannot be deemed willful misconduct because the employer presented no competent evidence of the reasonableness of the request. Because the reasonableness is evident from the facts themselves, I must dissent.

In effect, the majority opinion holds that an employer has no right to require an employee who is absent from work on sick leave for an extended period of time to submit to any medical examination by anyone but his or her own physician. I do not believe such a result is in accordance with the statute.

NIX and McDERMOTT, JJ., join in this dissent.