Maurice H. Johnston, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 20, 1984,

*Kathleen R. Mulligan,* with her, *Andrew L. Horvath, Jr.,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

Opinion by Judge Blatt, February 1, 1985:

Maurice Johnston (claimant) appeals here an order of the Unemployment Compensation Board of Review affirming the referee's decision to deny the claimant benefits under Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b) (voluntary quit) and, in the alternative, under Section 402(e) of the Law, 43 P.S. §802(e) (willful misconduct).

The Board held that the claimant abandoned his position as a security guard when he failed to report for work after September 17, 1982. It found that the employer posted the work schedule for the week ending September 25, 1982 on Friday, September 17, 1982 in its regular location; that employees had an obligation to check the schedule weekly; that the claimant knew of this obligation; that the claimant had been scheduled to work Monday through Friday for the week ending September 25 from 2:30 p.m. until 10:30 p.m.; that the claimant called his employer on Monday to inform him of his new telephone number; that, during the telephone conversation, the employer informed the claimant that he was scheduled to work that day; that the claimant did not report to work on Monday nor did he come in the rest of the week; that the claimant was again scheduled to work the same shift the following week and that continuing work as a security guard remained available.

The claimant argues that those findings which state (1) that he was scheduled to work during the weeks ending September 25, 1982 and October 1, 1982 and (2) that the work schedule for the week ending September 25 was posted on September 17, 1982 are based on uncorroborated hearsay testimony in contravention of *Walker v. Unemployment Compensation Board of*

*Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976) (unobjected to hearsay testimony will be considered for its probative effect only where it is corroborated in the record). He contends that his name was never on the schedule, that the schedule was not posted and that, in fact, he was laid off.

The record reveals that Allen Pitterman, the employer's assistant manager, testified that he was responsible for devising the work schedule for the two weeks in question and that he had scheduled the claimant for forty (40) hours during each of those weeks. He then offered the schedules into evidence over the objection of the claimant. We note that Mr. Pitterman had first-hand knowledge of the contents of the work schedules, because he developed them in the course of his job and that his statements concerning those schedules can consequently not be considered hearsay. We believe, furthermore, that the Board properly admitted those schedules as business records under the Uniform Business Records as Evidence Act, 42 Pa. C. S. §6108.[1] Consequently, we are satisfied

---

[1] The Uniform Business Records as Evidence Act states in pertinent part that:

> [a] record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

42 Pa. C. S. §6108(b). Here, the assistant manager, Mr. Pitterman, identified the document, explained that its development was part of his job responsibilities and stated that these particular schedules were drawn up by him just prior to the weeks in question in the course of training a new assistant manager, Roger Fowley. *See Remaly v. Unemployment Compensation Board of Review,* 55 Pa. Commonwealth Ct. 551, 423 A.2d 814 (1980).

that the Board's finding concerning whether or not the claimant was scheduled to work during the weeks ending September 25 and October 1 is based on competent evidence.

In regard to the finding concerning the posting of the work schedule for the week ending September 25, we note that Mr. Pitterman testified at the hearing that he did not post the schedule and that he did not have first-hand knowledge concerning whether or not the schedule had been posted on September 17, 1982 because he was transferred to the employer's Pittsburgh office a few days prior to that date. Additionally, the employer's Service Manager testified that he also did not personally know if the work schedule had been posted. The claimant, of course, maintains that the schedule was not posted on September 17, 1982 and asserts further that, when he questioned the new assistant manager, Roger Fowley, concerning his work hours, he was told that he had been laid off.

While we agree with the claimant that no competent record evidence exists to support the Board's finding that the schedule was posted on September 17, we note that the Board also found that, when the claimant called the employer on September 20, 1982,[2] he was informed that he was scheduled to work that day by Mr. Pitterman. Moreover, we are convinced that Mr. Pitterman's testimony in this regard is not hearsay testimony, as the claimant contends, in that

[2] We note that the Board's specific finding provided that the claimant called the employer on September 21, 1980 but that both parties have stated in their briefs and the record reveals that the claimant actually called on September 20, 1980. We do not believe that the date of the call is crucial here and we are convinced that the record supports the fact that the employer received a call from the claimant and that the employer then informed the claimant that he was scheduled to work. *Wetzel v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 195, 370 A.2d 415 (1977).

it was offered not to prove the truth of the matter asserted—*i.e.* that the claimant's name was on the schedule—but rather to show the effect on the hearer —*i.e.* that the claimant knew that he had been scheduled for work that day and yet did not report for his shift. We believe, therefore, that the absence of a finding establishing that the schedule had been posted is not crucial here inasmuch as the Board found that the claimant had notice of the schedule. A remand is consequently not necessary.

Inasmuch as we are convinced that the Board's findings are based on competent evidence and further, that those findings support the legal conclusion that the claimant voluntarily terminated his employment, *see Roberts v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 21, 432 A.2d 646 (1981), we need not discuss the issues raised pertaining to the claimant's alleged willful misconduct. Accordingly, we will affirm the Board.

ORDER

AND Now, this 1st day of February, 1985, we hereby affirm the order of the Unemployment Compensation Board of Review in the above-captioned matter.

