**ANDERSON EQUIPMENT COMPANY, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted April 16, 2010.
Decided May 19, 2010.

---

Floyd A. Clutter, Pittsburgh, for petitioner.

Erin K. Boylan, Asst. Counsel, and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and BUTLER, Judge.

OPINION BY Judge BUTLER.

Anderson Equipment Company (Employer) petitions for review of the September 21, 2009 order of the Unemployment Compensation Board of Review (UCBR) reversing the Referee's decision denying James M. Bryant (Claimant) benefits. The issue before the UCBR is whether Claimant met his burden, pursuant to Section 402(e) of the Unemployment Compensation Law (Law),[1] of proving good cause for his violation of Employer's work rule. For the following reasons, we reverse the decision of the UCBR.

Claimant was hired by Employer effective August 4, 2008. In a July 30, 2008 letter of employment, Employer notified Claimant that his position was a position subject to the terms and conditions of Employer's Collective Bargaining Agreement (CBA) with the International Union of Operating Engineers, Local Union No. 66 (Union). Article II of the CBA requires that "all employees shall become members of the Union ..." and that Employer "may employ workmen who are not members of the Union for no more than ninety (90)

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

calendar days." Reproduced Record (R.R.) at 54a. Claimant was aware that, upon the expiration of his 90–day probationary period on November 4, 2008, he was required to initiate his Union membership with a fee of $240.00, and thereafter maintain his membership at a rate of 2% of his gross pay for the duration of the CBA. Claimant estimated that, with the overtime he was told was offered at the time, he could meet his budget and pay the necessary fees and dues. He did not save the initiation fee from the monies earned during his probationary period because the Christmas holiday was approaching, he paid his bills, and it was his understanding that the Union would accept a payment plan for what he owed.

In December of 2008, Claimant approached Union Steward, Dale Robinson, about his Union membership, and was told that Employer would initiate the process. At that time, his overtime hours were being cut back. In March of 2009, Claimant was provided with a Union packet by new Union Steward, Paul Vigaloni, and he was reminded that he had to initiate his Union membership, and that he would have to pay $240.00. He told the steward that he did not have the money. Thereafter, he advised his manager that he needed more money or increased hours in order to meet his Union initiation requirement, to which the manager responded that he would see what he could do, but no additional hours were provided. Claimant then met with Union representative, Curt Bowser, who told him that he had to initiate his membership with the Union as required. Claimant also contacted the National Labor Relations Board (NLRB), which told him about a fair share membership in which he was only required to pay dues for individual representation. According to information he received from the Union, based upon his rate of pay, as of April of 2009 he would have to remit $546.50 for his initiation fee and Union dues for a regular membership, or $508.16 for a fair share membership. He was given until April 24, 2009 to make his payment. By letter dated April 27, 2009, the Union notified Employer that Claimant failed to initiate and pay his Union dues, despite verbal and written notification that he must do so. Employer terminated Claimant's employment effective May 1, 2009.

█ Claimant filed for unemployment compensation (UC) benefits and was determined to be ineligible by the UC Service Center. Claimant filed a timely appeal, and a hearing was held before a Referee on July 9, 2009, following which the Referee issued an order affirming the UC Service Center's determination. Claimant timely appealed to the UCBR. On September 21, 2009, the UCBR reversed the Referee's order, thereby granting benefits to Claimant. Employer appealed to this Court.[2]

█ Employer argues that the UCBR erred in finding that Claimant established good cause for his willful failure to join and maintain membership in the Union pursuant to the CBA. Under Section 402(e) of the Law, an employee is not eligible for benefits if "his unemployment is due to his discharge ... for willful misconduct connected with his work...."

Willful misconduct has been defined as (1) the wanton and willful disregard of the employer's interest; (2) the deliberate violation of rules; (3) the disregard of standards of behavior which an em-

2. "Our scope of review in unemployment compensation cases is limited to determining whether constitutional rights were violated, whether errors of law were committed or whether findings of fact are supported by substantial evidence." *Lindsay v. Unemployment Comp. Bd. of Review,* 789 A.2d 385, 389 n. 4 (Pa.Cmwlth.2001).

ployer can rightfully expect from his employee; or (4) negligence which manifests culpability, wrongful intent, evil design or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Elser v. Unemployment Comp. Bd. of Review*, 967 A.2d 1064, 1069 n. 7 (Pa.Cmwlth. 2009). The burden of proving that an employee engaged in willful misconduct in the form of a rule violation is on the employer to establish the existence of a rule, that it was reasonable, and that it was violated. *Lindsay v. Unemployment Comp. Bd. of Review*, 789 A.2d 385 (Pa. Cmwlth.2001). Once the employer has met its burden, "the burden shifts to the claimant to show good cause for his violation of the rule." *City of Williamsport v. Unemployment Comp. Bd. of Review*, 126 Pa.Cmwlth. 555, 560 A.2d 312, 313–14 (1989).

Here, there is no dispute that Employer had a rule requiring new employees to join the Union pursuant to the CBA, that the rule was reasonable, and that Claimant failed to comply with it. Employer's burden was, therefore, met. The only question before this Court is whether Claimant met his burden of proving that he had good cause for his violation of the rule. "Good cause is established 'where the action of the employee is justifiable or reasonable under the circumstances. . . .' The reasonableness of the employer's request and good cause for the employee's actions are evaluated in light of all the attendant circumstances." *Dep't of Corrs. v. Unemployment Comp. Bd. of Review*, 943 A.2d 1011, 1015–16 (Pa.Cmwlth.2008) (citation omitted). The UCBR concluded in this case that Claimant had good cause for violating Employer's work rule on the basis that "he could not afford to make a lump sum payment of his union fees[,] and the employer denied him the opportunity

to make incremental payments." R.R. at 76a–78a. We disagree.

The evidence in this case is clear that Claimant failed to pay his initiation fee and Union dues as instructed and required by Employer pursuant to its obligations under the CBA. R.R. at 51 a–52a. From the time he was hired, Claimant knew that these monies must be paid at the end of his probationary period. R.R. at 40a, 46a–47a, 50a. Claimant was paid his salary plus overtime during his probationary period, and his salary up to the date of his termination. R.R. at 47a. Claimant did not save his initiation fee or Union dues, and did not have the money when he received his Union packet in March. R.R. at 43a, 46a–47a. The Union extended the time in which Claimant had to pay the initiation fees and dues from March to April 24, 2009. R.R. at 51 a–52a.

Despite the fact that Claimant intended to join the Union, and that he attempted to arrange payment for his membership, he failed to make arrangements to have the money available. Claimant should not now be entitled to benefits as a result. To hold otherwise would create a system in which prospective employees could accept employment with union shops, refuse to pay their fees and dues despite having been provided the income to do so, and then receive unemployment compensation benefits upon termination for such refusal. Moreover, the fact that anticipation of the Christmas holiday was one of the reasons Claimant failed to set aside the initiation fee during his three-month probationary period indicates that Claimant could have saved the money if he so chose, but instead willfully disregarded the interests of his employer with respect to its CBA.

In light of the circumstances of this case, we hold that Claimant failed to prove good cause for his failure to initiate his Union membership in accordance with

Employer's work rules. Accordingly, the UCBR's order finding Claimant eligible for benefits under Section 402(e) of the Law must be reversed.

## ORDER

AND NOW, this 19th day of May, 2010, the September 21, 2009 order of the Unemployment Compensation Board of Review is reversed.