**BELL SOCIALIZATION SERVICES, INC., Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 2, 2013.

Decided Aug. 29, 2013.

Shawn P. McLaughlin, York, for petitioner.

Rebecca Anne McCliney, Assistant Counsel, Harrisburg, for respondent.

BEFORE: COHN JUBELIRER, Judge, LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Bell Socialization Services, Inc. (Employer) petitions for review of the March

11, 2013, order of the Unemployment Compensation Board of Review (UCBR) affirming a referee's decision to grant Shamela D. Hightower (Claimant) unemployment compensation (UC) benefits. We affirm.

Claimant worked full-time as a residential service provider for Employer from June 14, 2011, through July 13, 2012, earning $9.00 per hour. Employer required Claimant to have reliable transportation as a condition of her employment. When hired, Claimant possessed her own vehicle, but it eventually failed mechanically. Claimant drove her mother's car until January 19, 2012, when an accident rendered the car inoperable. (UCBR's Findings of Fact, Nos. 1–4.)

On May 15, 2012, Employer demanded that Claimant have reliable transportation by July 15, 2012. Claimant did not have sufficient income to fix her car or finance a new car. Claimant did not obtain a vehicle by the deadline. On July 16, 2012, Employer discharged Claimant because she did not have a vehicle. (*Id.*, Nos. 5, 6, 9, 10.)

Claimant applied for UC benefits with the local service center, which granted benefits. Employer appealed this determination to a referee. The referee held a hearing on November 30, 2012, and affirmed the local service center's decision.

Employer appealed to the UCBR. On March 11, 2013, the UCBR affirmed the referee's decision, incorporating the referee's findings of fact and conclusions of law in their entirety. Employer now petitions this court for review.[1]

Employer argues that Claimant engaged in willful misconduct by violating a work rule without good cause and is, therefore, ineligible for UC benefits under section 402(e) of the Unemployment Compensation Law (Law).[2] We disagree.

"Willful misconduct has been defined as: (1) a wanton and willful disregard of the employer's interests; (2) a deliberate violation of the employer's rules; (3) a disregard of the standards of behavior that an employer rightfully can expect from its employees; or (4) negligence that manifests culpability, wrongful intent, or evil design, or an intentional and substantial disregard of the employer's interests or the employee's duties and obligations." *Adams v. Unemployment Compensation Board of Review*, 56 A.3d 76, 78 (Pa. Cmwlth.2012). Where an employer bases a claim of willful misconduct on the violation of a work rule, the employer must prove: (1) the existence of the work rule, (2) the reasonableness of the rule, (3) the claimant's awareness of the rule, and (4) that the employee violated the rule. *Id.* at 79.

If an employer proves a work-rule violation, the burden of proof shifts to the employee to prove that she had good cause for her actions. *Chapman v. Unemployment Compensation Board of Review*, 20 A.3d 603, 607 (Pa.Cmwlth.2011). "The employee establishes good cause where her actions are justified or reasonable under the circumstances." *Id.* To determine

---

1. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

2. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week "[i]n which [her] unemployment is due to [her] discharge ... from work for willful misconduct connected with [her] work." 43 P.S. § 802(e).

good cause we must look to the employee's reason for non-compliance and "evaluate the reasonableness of the [employer's] request in light of all of the circumstances." *LeGare v. Unemployment Compensation Board of Review,* 498 Pa. 72, 77, 444 A.2d 1151, 1153 (1982).

Here, Employer had a work rule requiring employees in Claimant's position to have reliable transportation. (UCBR's Findings of Fact, No. 2; N.T. at 6.) Moreover, the work rule was reasonable because employees in Claimant's position provided clients with transportation to doctors' appointments and other events. (N.T. at 8.) Claimant knew of the work rule when she took the position and understood that she had until July 15, 2012, to procure a vehicle. (*Id.* at 8–9.) Thus, our inquiry turns to whether Claimant had good cause, i.e., whether Claimant's failure to secure a vehicle was reasonable and justifiable under the circumstances.[3]

Employer analogizes the present case with *Anderson Equipment Company v. Unemployment Compensation Board of Review,* 994 A.2d 1192 (Pa.Cmwlth.2010). In *Anderson,* an employee did not pay a $240 fee to initiate his union membership. *Id.* at 1194. The union calculated dues based on the employee's salary, and the employee had three months to save enough money to pay the dues. *Id.* This court found that the employee did not have good cause for nonpayment because the employee's failure to save enough money to pay the dues was unreasonable. *Id.* at 1195.

Here, however, Claimant faced a greater expense than $240 while earning significantly less. Moreover, the employee in *Anderson* knew of the expense when he accepted the position, whereas Claimant's automobile complications were unforeseen.

Employer also cites *Millersville State College v. Unemployment Compensation Board of Review,* 18 Pa.Cmwlth. 238, 335 A.2d 857, 858 (1975), where the employer required a professor to enroll in a doctoral program. In *Millersville,* the professor *did not* attempt to pursue a doctorate degree, making his conduct a willful disregard of his employer's interests. *Id.* at 859–60. Here, however, Claimant *could not* afford to purchase a car, despite her reasonable efforts to do so. Inability or incapacity to meet an employer's standards is not willful misconduct. *See Glenmore Academy v. Unemployment Compensation Board of Review,* 50 Pa.Cmwlth. 42, 411 A.2d 1296, 1297 (1980) (holding that a teacher's inability to obtain a certificate to teach preschool children did not constitute willful misconduct).

We agree with the UCBR that Claimant's failure to procure a vehicle was justifiable. Claimant earned $9.00 per hour. (UCBR's Findings of Fact, No. 1.) Additionally, Claimant paid a 10% wage garnishment. (N.T. at 17, 21.) The UCBR specifically found that she did not have sufficient income to finance a new car. (UCBR's Findings of Fact, No. 6.) This finding is supported by the evidence of record.

Employer also argues that Claimant failed to make other reasonable efforts to secure transportation, such as borrowing money from her family or repairing her own car. However, the UCBR found that Claimant could not afford to fix her car, (UCBR's Findings of Fact, No. 5), and that she could not borrow money from her family in order to purchase a new vehicle. (*Id.,* No. 7.)

Finally, Employer argues that Claimant should have attempted to transfer to an-

---

**3.** In our analysis, "we are guided by the remedial, humanitarian objectives of the [Law] and the concomitant[sic] need for liberal con-struction to achieve its goals." *LeGare,* 498 Pa. at 76, 444 A.2d at 1153.

other job with Employer that did not require a vehicle. However, it was not unreasonable that Claimant did not transfer positions given Employer's assertions that Claimant needed transportation in order to retain her job. (*See* UCBR's Findings of Fact, No. 6.) In other words, if transferring positions were truly an option, Employer could have stated so at the meeting on May 15, 2012.

We agree with the UCBR that Claimant acted justifiably in light of all of the circumstances. Claimant had good cause for violating Employer's work rule because she did not have sufficient income to repair or replace her vehicle.

Accordingly, we affirm.

### ORDER

AND NOW, this *29th* day of *August,* 2013, we hereby affirm the March 11, 2013, order of the Unemployment Compensation Board of Review.