IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shiloh Homecare Corporation :
d/b/a ComForCare : No. 1964 C.D. 2015
Senior Services-York County, : Submitted: February 26, 2016
:
Petitioner :
:
v. :
:
Unemployment Compensation :
Board of Review, :
:
Respondent :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  May 18, 2016

Shiloh Homecare Corporation d/b/a ComForCare Senior Services – York County (Employer) petitions for review of the September 25, 2015 order of the Unemployment Compensation Board of Review (Board), affirming a referee's decision and holding that Tierra Washington (Claimant) was not ineligible for unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law (Law).[1]  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), which provides that an employee shall be ineligible for compensation for any week in which her unemployment is due to her discharge or temporary suspension from work for willful misconduct connected with her work.

Claimant was employed by Employer as a full-time home health aide from July 30, 2011 to April 10, 2015, earning $9.75 per hour. Employer's policy requires employees to call Employer fifteen minutes before the start of a shift to report a tardiness. The policy provides that three occurrences of tardiness within ninety days will result in an employee's discharge. Employees receive two counselings, either verbal or written, prior to being discharged. Findings of Fact Nos.1-4.

On January 16, 2015, Claimant was counseled for tardiness and for failing to use the client's phone to clock-in to work. She was counseled for the same reasons on February 23, 2015, and April 7, 2015. On April 10, 2015, she received a final counseling after being tardy three times in one week, and she was advised that one more instance of tardiness would result in her discharge. Findings of Fact Nos. 5-8.

Claimant's car broke down in November 2014 and she could not afford to purchase another one. Claimant notified Employer about her transportation problem. After November 2014, Claimant relied on her mother and friends to take her to and from work, and they were not always reliable. Findings of Fact Nos. 9-11.

On April 13, 2015, Claimant's transportation was late. She called Employer two minutes before the start of her shift and advised Employer she would be late due to her transportation issues. Claimant was late to work, and Employer discharged her that day for excessive tardiness. Findings of Fact Nos. 12-14.

The local service center determined that Claimant was not ineligible for unemployment benefits, and Employer appealed. A referee conducted a hearing at which Claimant and Jennifer Foley (Foley), Employer's owner, testified.

Foley described Employer's policies and said that Claimant was aware of them. Reproduced Record (R.R.) at 60a-61a. Foley stated that Employer counseled Claimant on January 16, 2015, February 23, 2015, and April 7, 2015, for tardiness and for failing to use the client's phone to clock-in to work. Foley testified that Employer gave Claimant a written warning on April 10, 2015, informing her that she had three tardies within one week and that one more tardy would result in her termination. Foley said that Claimant signed this document. R.R. at 62a.

Foley testified that on April 13, 2015, Claimant's shift was to start at 9:00 a.m. Foley said that Claimant called sometime between 9:10 a.m. and 9:20 a.m. to report that she was late for work because her ride did not show up. Foley stated that Employer sent a replacement for Claimant at 9:30 a.m. R.R. at 62a-63a. Foley stated that this final incident was written up as "late for work" which resulted in Claimant's termination. Foley complained that Claimant was late 29 times after she was counseled on January 12, 2015. However, Foley testified that if Claimant had not been late on April 13, 2015, she would not have been fired. R.R. at 65a.

Claimant testified that she began working for Employer, Mondays through Thursdays for a 36-hour week. After eighteen months, Claimant's client became ill, and Claimant was assigned to work an additional eight hours on Friday. R.R. at 59a. Claimant said that her client's daughter met her every morning and updated Claimant on her client's condition. Claimant added that the daughter also

3

worked, and Claimant often spoke with her before calling Employer to clock-in.[2] R.R. at 68a-69a.

Claimant stated that she lost her means of transportation in November 2014 when her car broke down, and that she could not afford to buy another car. Claimant explained that she supported a family of three on her salary, which had just reached $9.75 an hour in 2015. Claimant said that she depended on rides, which were not always reliable, from family and friends to get to work and get her children to two different places for daycare. Claimant stated that she explained her transportation difficulties to Employer. R.R. at 68a-69a.

Concerning the April 13, 2015 incident, Claimant testified that she called Employer at 8:58 a.m., two minutes before the start of her shift, to advise Employer that she would be late for work because her transportation was late picking her up. R.R. at 70a-71a.

In a June 12, 2015 decision, the referee issued the findings summarized above and concluded that Claimant was not ineligible for benefits due to willful misconduct. The referee recognized that Claimant was discharged for excessive tardiness, but credited Claimant's testimony that she lost her means of transportation, could not afford a new car, and had to depend on others who were not always reliable to provide her transportation to and from work. The referee concluded that while Employer certainly had the right to discharge Claimant, the facts did not establish a basis to deny benefits. Employer appealed to the Board which affirmed the referee's decision and adopted the referee's findings and conclusions.

---

[2] Claimant worked for the same client Mondays through Thursdays from January 2015 until the client's death in April 2015. R.R. at 66a.

4

On appeal to this Court,[3] Employer argues that the Board erred in concluding that Claimant's habitual tardiness and her actions on April 13, 2015, did not constitute willful misconduct. Employer asserts that the Board also erred in determining that Claimant's continued reliance on an unreliable mode of transportation constituted good cause for her conduct.

An employer bears the burden to demonstrate that a claimant is ineligible for unemployment compensation benefits due to willful misconduct. *Holomshek v. Unemployment Compensation Board of Review,* 395 A.2d 708, 709 (Pa. Cmwlth. 1979). The Law does not define "willful misconduct," but our courts have defined it as including: an act of wanton or willful disregard of the employer's interest; a deliberate violation of the employer's rules; a disregard of standards of behavior which the employer has a right to expect from an employee; and negligence indicating an intentional disregard of the employer's interest, or of the employee's duties and obligations to the employer. *Altemus v. Unemployment Compensation Board of Review,* 681 A.2d 866, 869 (Pa. Cmwlth. 1995). Where the allegation of willful misconduct is based on a violation of the employer's work rule, the employer must show the existence of a reasonable work rule and the claimant's violation of the rule. *Williams v. Unemployment Compensation Board of Review*, 926 A.2d 568, 571 (Pa. Cmwlth. 2007). Once the employer meets its burden, the burden shifts to the claimant to establish good cause for her conduct. *Henderson v. Unemployment Compensation Board of Review*, 77 A.3d 699, 719 (Pa. Cmwlth. 2013).

---

[3] Our scope of review is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether findings of fact are supported by substantial evidence. *Schneider v. Unemployment Compensation Board of Review,* 12 A.3d 754, 756 n.1 (Pa. Cmwlth. 2010).

Here, Employer established that Claimant was discharged for excessive instances of tardiness in violation of Employer's policy. The burden then shifted to Claimant to establish good cause for her conduct.

Employer characterizes the reason for Claimant's tardiness as her failure to secure reliable transportation. Citing *Spicer v. Commonwealth*, 407 A.2d 929, 931 n.2 (Pa. Cmwlth. 1979), Employer argues that Claimant's continued reliance on transportation that she knew was not reliable constituted willful misconduct.

In *Spicer*, we observed that a claimant who was late because of a series of transportation problems beyond his control would not be ineligible for benefits due to willful misconduct. There, the claimant, who had a history of tardiness and absenteeism, did not own a car and relied on fellow employees for rides to work, which were not always available. The Board held that he was discharged for tardiness and ineligible for benefits under Section 402(e), but the Board did not address the claimant's reasons for his lateness. We vacated the Board's holding and remanded for the Board to determine whether the claimant's explanation was credible and established good cause. *Id.* at 931. Thus, the holding in *Spicer* does not support Employer's argument and Employer's reliance on *Spicer* is misplaced.

Claimant contends that her financial situation is similar to that of the claimant in *Bell Socialization Services, Inc. v. Unemployment Compensation Board of Review*, 74 A.3d 1146 (Pa. Cmwlth. 2013). In *Bell*, we affirmed the Board's finding that the claimant established good cause for violating the employer's work rule that required employees to have reliable transportation. Working as a full-time residential service provider, earning $9.00 per hour, the

6

claimant possessed a car which eventually failed mechanically. Although she made subsequent arrangements to borrow her mother's car, this car was lost to an accident. We held that, because her vehicle complications were unforeseen and she did not have sufficient income to repair her car or purchase a new one, the claimant established good cause for violating the employer's work rule and was not ineligible for unemployment benefits. *Id*. at 1148-49.

Employer argues that *Bell* does not apply because Claimant did not establish that it was impossible to secure reliable transportation. (Employer's brief at 3). However, Employer does not challenge the Board's finding that Claimant could not afford to buy another car. Additionally, Claimant testified that her children are taken to different daycares before Claimant reports for work at a client's home. We conclude that while Employer was justified in discharging Claimant based on her tardiness, the record does not support a denial of benefits.[4]

Accordingly, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

---

[4] *See Adept Corporation v. Unemployment Compensation Board of Review*, 437 A.2d 109, 111 (Pa. Cmwlth. 1981) (although the employer was justified in discharging the claimant, the claimant established good cause for his absence because of car problems requiring mechanical attention).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shiloh Homecare Corporation     :
d/b/a ComForCare     : No. 1964 C.D. 2015
Senior Services-York County,     :
    :
    Petitioner     :
    :
    v.     :
    :
Unemployment Compensation     :
Board of Review,     :
    :
    Respondent     :

O R D E R

AND NOW, this 18th day of May, 2016, the order of the Unemployment Compensation Board of Review, dated September 25, 2015, is affirmed.

_____
MICHAEL H. WOJCIK, Judge